Judge GIERKE
delivered the opinion of the Court.
A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of three specifications of making false military identification cards and two specifications of selling false military identification cards, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 USC § 934. The adjudged and approved sentence provides for a bad-conduct discharge, confinement for two months, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence. 55 MJ 537 (2001).
Appellant was sentenced on October 20, 1999. Because his sentence included a punitive discharge and confinement, a forfeiture of two-thirds of his pay automatically went into effect by operation of law 14 days after the sentence was adjudged. See Art. 58b(a), UCMJ, 10 USC § 858b(a).
On October 29, 1999, appellant signed a request for deferment of his reduction in grade and automatic forfeitures, to “allow him to continue meeting his child support duties for his 2-year-old daughter.” The request was not received in the base legal office until November 3, 1999. The staff judge advocate (SJA) served his recommendation (SJAR) on trial defense counsel on November 2,1999, the day before appellant’s request for deferment was received. On November 8, the SJA transmitted appellant’s request for deferment to the convening authority with a written recommendation to disapprove the request, for the following reasons:
Albeit A1C [Airman First Class] Key’s financial situation is in itself uncomfortable, the fact remains that A1C Key’s situation is one of self-infliction. Likewise, in regard to his inability to provide financial support for his dependents, A1C Key did not attach financial statements or any other supporting evidence to substantiate his request.
The SJA did not serve this recommendation on appellant. The convening authority denied the request for deferment on November 8,1999.
Appellant waived his right to submit matters in response to the SJAR. The SJA did not submit an addendum. On November 19, 1999, the convening authority approved the adjudged sentence, as recommended by the SJA.
In a post-trial affidavit, appellant stated, “I do not recall that [the two appointed military defense counsel] ever advised me that I could request waiver of automatic forfeitures for my daughter.”
On appellant’s petition, this Court granted review of two issues:
I. WHETHER IT WAS ERROR FOR THE STAFF JUDGE ADVOCATE TO NOT SERVE A LEGAL REVIEW OF APPELLANT’S REQUESTS FOR DEFERMENT OF REDUCTION IN RANK AND FOR DEFERMENT OF FORFEI *248 TURES ON APPELLANT FOR COMMENT.
II. WHETHER TRIAL DEFENSE COUNSEL’S FAILURE TO ADVISE APPELLANT OF HIS OPTION TO REQUEST WAIVER OF AUTOMATIC FORFEITURES IN FAVOR OF HIS DEPENDENT OR TO SUBMIT SUCH A REQUEST ON HIS BEHALF CONSTITUTES INEFFECTIVE ASSISTANCE OF COUNSEL.
For the reasons set out below, we affirm.
I. SJA’s Failure to Serve Appellant
Appellant asserts that the SJA’s failure to serve him with a copy of the legal review of his deferment request, thereby depriving him an opportunity to respond, was error. He asserts that “[a]ny legal review of a case for the convening authority, including those of forfeiture waiver requests, prepared after the SJAR is served on appellant should be treated as an addendum to the original SJAR and served on appellant for comment.” Final Brief at 6, quoting United States v. Spears, 48 MJ 768, 776 (A.F.Ct.Crim.App. 1998). The Government argues that there was no requirement to serve the SJA’s review of the deferment request. The Government also argues that, even if the SJA’s review was the equivalent of an addendum, service on appellant was not required because the SJA’s review did not contain inflammatory comments or new matter.
Whether there is a legal requirement to serve the SJA’s recommendation on a deferment request, and whether the SJA’s recommendation contained “new matter,” are issues of law that this Court reviews de novo. United States v. Chatman, 46 MJ 321, 323 (1997); 2 Steven Alan Childress & Martha S. Davis, Federal Standards of Review, § 7.05 (3rd ed.1999).
Article 57(a)(2), UCMJ, 10 USC § 857(a)(2), authorizes a convening authority to defer forfeitures or reduction in grade on application of an accused. See also Art. 58b(a)(l). The convening authority “may, upon written application of the accused, at any time after the adjournment of the court-martial, defer the accused’s service of a sentence to confinement, forfeitures, or reduction in grade that has not been ordered executed.” RCM 1101(c)(2), Manual for Courts-Martial, United States (2000 ed.).[1] An accused has the burden of showing entitlement to deferment. RCM 1101(c)(3). The convening authority’s action on a request for deferment “shall be subject to judicial review only for abuse of discretion.” Id. A deferment request and the convening authority’s action on it must be attached to the record of trial. RCM 1103(b)(3)(D) and 1103(c)(1).[2]
Article 60(d), UCMJ, 10 USC § 860(d), requires that the SJAR be served on the accused. Article 60(d) does not mention addenda to a SJAR. However, RCM 1106(f)(7) specifically requires service on the accused and counsel whenever “new matter” is introduced in an addendum. The non-binding Discussion of RCM 1106(f)(7) explains:
“New matter” includes discussion of the effect of new decisions on issues in the case, matter from outside the record of trial, and issues not previously discussed. “New matter” does not ordinarily include any discussion by the staff judge advocate or legal officer of the correctness of the initial defense comments on the recommendation.
In Chatman, supra, this Court established a requirement that, when an appellant complains about the failure to serve “new matter,” the appellant must “demonstrate prejudice by stating what, if anything, would have been submitted to ‘deny, counter, or explain’ the new matter.”
In United States v. Brown, 54 MJ 289, 292 (2000), this Court noted the absence of a specific statutory or regulatory requirement to serve a recommendation on a request for deferment of forfeitures. This Court declined to decide whether there was a requirement for service founded on constitutional *249 due process or statutory interpretation, because the appellant in that case had not demonstrated prejudice. Id.
Likewise, we need not reach the constitutional or statutory interpretation issues in this case, because we hold that the SJA’s comments were not “new matter.” The SJA’s first comment about appellant’s self-inflicted financial situation was a statement of the obvious. The SJA’s comment about the absence of supporting documentation, in the context of this case, did not inject anything from outside the record. It was merely a non-inflammatory observation about the contents of the request. In our view, a comment about the absence of documentation falls in the same category as a comment about “the correctness of the initial defense comments on the recommendation,” addressed in the Discussion of RCM 1106(f)(7), swpra.
II. Ineffective Assistance of Counsel
Appellant claims that his two military defense counsel were ineffective because he does not recall them advising him about the possibility of requesting waiver of forfeitures. This court reviews claims of ineffective assistance of counsel de novo. United States v. Wiley, 47 MJ 158, 159 (1997).
Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established a two-part test for ineffective assistance of counsel: an appellant must show deficient performance and prejudice. There is a “strong presumption” that counsel are competent. Id. at 689, 104 S.Ct. 2052. Broad, generalized accusations are insufficient to satisfy the first prong. See United States v. Moulton, 47 MJ 227, 229-30 (1997). In United States v. Lewis, 42 MJ 1, 6 (1995), this Court stated:
[T]rial defense counsel should not be compelled to justify their actions until a court of competent jurisdiction reviews the allegation of ineffectiveness and the government response, examines the record, and determines that the allegation and the record contain evidence which, if unrebutted, would overcome the presumption of competence.
We hold that appellant’s assertion, that he does not recall being advised of his right to request a waiver of forfeitures, falls short of the Lewis standard for compelling defense counsel to justify their actions. Appellant’s assertion is too equivocal and ambiguous to overcome the presumption that his counsel were competent.
Even assuming, arguendo, that appellant’s equivocal affidavit satisfies Strickland and Lewis, appellant has not established prejudice. We agree with the court below that there was no reasonable likelihood that the convening authority would have granted a request to waive the forfeitures for the benefit of appellant’s child after he denied a request to defer the forfeitures for the same purpose. See 55 MJ at 545. Furthermore, although appellant asserts that he would have requested a waiver of forfeitures if he had been advised of his right to do so, he has failed to provide the court below or this Court with any offer of proof regarding what he would or could have submitted to support his waiver request. See United States v. Pierce, 40 MJ 149, 151 (CMA 1994) (“[vjague or general intimations” about the “particular nature of the materials” that would or could have been submitted in clemency petition insufficient to show prejudice); see also Moulton, supra at 230 (“When factual information is central to an ineffectiveness claim, it is the responsibility of the defense to make every feasible effort to obtain that information and bring it to the attention of the appellate court.”).

Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

. All provisions of the Manual are unchanged from those in effect at the time of appellant’s court-martial, unless otherwise indicated.

. RCM 1103(c)(1) was amended on April 11, 2002, effective May 15, 2002, by Executive Order Number 13262.