# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant CHRISTOPHER D. BIRDSONG**
**United States Army, Appellant**

ARMY 20110440

Headquarters, III Corps and Fort Hood
Jacqueline L. Emanuel, Military Judge
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard A. Gorini, JA; Captain Robert N. Michaels, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Steve T. Nam, JA (on brief).

20 November 2013

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

Per Curium:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of making a false official statement and aggravated sexual contact with a child who had not attained the age of 12 years in violation of Articles 107 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 920 (2006 & Supp. III 2010), *amended by* 10 U.S.C. § 920 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to three years confinement and a bad-conduct discharge. The convening authority disapproved the conviction for aggravated sexual contact with a child who had not attained the age of 12 years, but approved findings of guilty of the lesser-included offense of assault consummated by a battery upon a child under 16 years. The convening authority approved the remaining findings of guilty and approved a sentence of two years confinement and a bad-conduct discharge.

Appellant's case is now pending review before this court pursuant to Article 66, UMCJ. While one of appellant's three assignments of error merits discussion, none merit relief. Appellant alleges, *inter alia*, that he received ineffective

assistance of counsel during the post-trial phase of the court-martial when his defense counsel did not inform him that he could request the convening authority defer his automatic forfeitures. To support his claim, appellant filed a declaration made under the penalty of perjury which states in relevant part, "My attorney did not tell me I could request a deferment or waiver of any pay that was taken from me."[*] Upon motion by the government, we ordered appellant's defense counsel to address appellant's claims of ineffective assistance of counsel, to include his attested assertion that his defense counsel did not inform him of his right to request deferment. Appellant's lead defense counsel responded in an affidavit that he did inform appellant that he could "petition the convening authority to defer any forfeiture," but appellant never instructed him to do so. Upon review of the affidavits and record in this case, we conclude that we do not need to order an evidentiary hearing to resolve the contradictory affidavits because the record of trial compellingly demonstrates the improbability of appellant's factual assertions. *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). Following findings at appellant's trial, the military judge specifically asked appellant if his counsel explained to him that he could, among other things, request a deferment of forfeitures and the appellant answered in the affirmative. Thus, we find that appellant was informed of his right to submit a deferment request, and appellant's claim of ineffective assistance of counsel in this regard is without merit.

## CONCLUSION

After considering all of appellant's allegations of errors and the matters he raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we find them to be without merit. On consideration of the entire record, we hold the findings of guilty and sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

---

[*] Although appellant's declaration claims his trial defense counsel never requested deferment on his behalf, we do not read in the declaration that appellant ever asked his defense counsel to do so. That portion of appellant's declaration "is too equivocal and ambiguous to overcome the presumption" of competence. *United States v. Key*, 57 M.J. 246, 249 (C.A.A.F. 2002). We nonetheless considered this claim and appellant's other unattested allegations of ineffective assistance of counsel, claims raised in appellant's written pleadings before this court, and found them to be without merit.

BIRDSONG—ARMY 20110440



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court