# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, M.C. HOLIFIELD, A.Y. MARKS**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**GAMALIEL F. TORRES**
**YEOMAN SECOND CLASS (E-5), U.S. NAVY**

**NMCCA 201500117**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 10 December 2014.
**Military Judge:** CDR Michael J. Luken, JAGC, USN.
**Convening Authority:** Commander, Navy Region Mid-Atlantic, Norfolk, VA.
**Staff Judge Advocate's Recommendation:** CDR S.J. Gawronski, JAGC, USN.
**For Appellant:** CDR Suzanne M. Lachelier, JAGC, USN.
**For Appellee:** LT James M. Belforti, JAGC, USN.

**29 October 2015**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, found the appellant guilty, pursuant to his pleas, of one specification of possession of child pornography and one specification of receipt of child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The adjudged sentence included 30 months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening

authority (CA) approved the sentence as adjudged but, pursuant to a pretrial agreement (PTA), suspended confinement in excess of two years.

On appeal, the appellant alleges that trial defense counsel (TDC) was ineffective when he: (1) failed to request to see the same data the military judge saw regarding the terms of the pretrial agreement; and, (2) failed to challenge the military judge following the latter's disclosure he had learned the term of confinement contained in the PTA.[1]  After careful examination of the record of trial and the pleadings of the parties, we disagree.  The findings and the sentence are correct in law and fact, and we find no error materially prejudicial to the substantial rights of the appellant.  Arts. 59(a) and 66(c), UCMJ.

## Background

On 9 October 2014, the appellant signed a PTA, agreeing to plead guilty to four specifications of possession and one specification of receipt of child pornography before a military judge.  In return, the CA agreed to suspend any awarded confinement in excess of two years.  While preparing for trial, the judge logged into Case Management System (CMS), the Navy's online court-martial management database.  Looking for confirmation of the appellant's arraignment, the judge accessed a tab where court-martial milestone dates are recorded.  While scanning that screen, the judge inadvertently stumbled upon a data entry he recognized as a PTA term capping confinement.  The judge exited CMS and notified trial and defense counsel of the accidental disclosure via email.

The military judge, trial counsel, and TDC held a telephonic RULE FOR COURTS-MARTIAL 802, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), conference on 1 December 2014 to discuss the disclosure as well as other matters related to the case.[2]  During that conference, TDC advised the judge he had notified the appellant of the disclosure and did not plan to challenge the judge's continued participation in the trial.

Nine days later, at trial, the military judge invited *voir dire* from both counsel.  TDC began his *voir dire* by apologizing that he had not seen the data entry at issue, because he did not

---

[1] The assignment of error is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[2] *See* Appellate Exhibit VI.

have access to CMS.  The record contains no indication that TDC requested access to CMS or a screen shot or printout of the entry.  The judge recalled the CMS entry being five or six words announcing that parties had reached a PTA and the maximum sentence.  He confirmed that he had not seen any of Part II of the PTA, but had seen the Stipulation of Fact and Part I of the PTA.  After continuing to question the judge on an unrelated matter, TDC announced his intention not to challenge the judge's role in the court-martial.  In fact, he requested that the judge look at Part II of the PTA in its entirety "in the interest of completeness."[3]  The judge declined to do so, insisting he had dismissed the PTA term from his mind and would reach a sentence based on the evidence alone.

During trial, the military judge concluded that Specifications 1, 2, 3, and 4 of the Charge constituted an unreasonable multiplication of charges for both findings and the sentence.  Each specification alleged possession of child pornography on the same date but on a different electronic device.  As a remedy, the military judge merged the four specifications into one "mega spec," a new Specification 1.  Specifically, he added the electronic devices in Specifications 2, 3, and 4 to Specification 1.  He then conditionally dismissed Specifications 2, 3, and 4, pending appellate review.  Neither the Government nor the appellant objected.[4]

**Standard of Review**

Claims of ineffective assistance of counsel present mixed questions of law and fact.  Findings of fact, when present, are reviewed under a clearly erroneous standard, but a *de novo* standard applies to the ultimate determination of counsel's effectiveness.  *See United States v. Paxton*, 64 M.J. 484, 488 (C.A.A.F. 2007).

We review claims of ineffective assistance of counsel using the Supreme Court's *Strickland* test, which "requires an appellant to show that: (1) his counsel's performance fell below an objective standard of reasonableness; and, (2) the counsel's deficient performance gives rise to a 'reasonable probability' that the result of the proceeding would have been different without counsel's unprofessional errors."  *See United States v. Akbar*, 74 M.J. 364, 2015 CAAF LEXIS 721 at *2-3 (C.A.A.F. 2015) (citing *Strickland v. Washington*, 466 U.S. 688, 694 (1984)).

---

[3] Record at 16.

[4] *Id.* at 78-80.

Long-standing Supreme Court precedent requires us to judge counsel's performance with a high degree of deference, even in light of the *de novo* standard. *See United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (citing *Harrington v. Richter*, 562 U.S. 86, 105 (2011)). To overcome the presumption of a competent defense, "an appellant must show specific defects in counsel's performance that were 'unreasonable under prevailing professional norms.'" *United States v. Quick*, 59 M.J. 383, 386 (C.A.A.F. 2004) (quoting *United States v. Anderson*, 55 M.J. 198, 201 (C.A.A.F. 2001)).

However, it is not necessary to determine the reasonableness of counsel's actions, "'if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice[.]'" *Datavs*, 71 M.J. at 424-25 (quoting *Strickland*, 466 U.S. at 697). The appellant has the burden of demonstrating a reasonable probability that, absent defense counsel's error, there would have been a different result in the case. *Quick*, 59 M.J. at 386-87 (citing *Strickland*, 466 U.S. at 694).

## Post-Trial Fact-Finding

A post-trial allegation of ineffective assistance of counsel does not automatically compel a court to conduct fact finding in the form of affidavits or a *DuBay* hearing. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997) (citing *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967)). The Court of Appeals of the Armed Forces (CAAF) held that *DuBay* hearings are unnecessary if "'the motion and the files and records of the case . . . conclusively show that [an appellant] is entitled to no relief.'" *Id.* at 244 (quoting *United States v. Giardino*, 797 F.2d 30, 32 (1st Cir. 1986)). The CAAF has established several factors to assist lower appellate courts in determining when further fact-finding is unnecessary, among them: "if the facts alleged in the affidavit allege an error that would not result in relief even if any factual dispute were resolved in appellant's favor, the claim may be rejected on that basis." *Id.* at 248.

## Discussion

The appellant's claim of ineffective assistance of counsel fails to meet either prong of the *Strickland* test. R.C.M. 910(f)(3) limits a military judge's inquiry into a PTA in that "the military judge ordinarily shall not examine any sentence limitation contained in the agreement until after the sentence

4

of court-martial has been announced."  However, a military judge's premature awareness of a sentence limitation does not require disqualification.  *See United States v. Key*, 55 M.J. 537, 541 (A.F.Ct.Crim.App. 2001), *aff'd*, 57 M.J. 246 (C.A.A.F. 2002).  R.C.M. 902(e) allows counsel to waive a ground for disqualification of a judge upon full disclosure on the record of the basis for disqualification.

In this case, the military judge disclosed his accidental exposure to the confinement terms of the PTA and exhaustively explained what he remembered seeing.  The appellant's TDC took advantage of *voir dire* and thoroughly questioned the judge about his knowledge of Part II of the PTA.  According to the record, TDC discussed the disclosure with the appellant before trial and decided against challenging the military judge both on 1 December and 10 December 2014.[5]  TDC's actions were within prevailing professional norms.

Even if we did find fault with TDC's representation, the appellant's claim fails to demonstrate prejudice.  The appellant alleges that his TDC's errors deprived him of an impartial judge but fails to demonstrate how further investigating the CMS entry, asking the judge about the impact of the entry, and challenging the military judge would have yielded a different result.  The appellant offers no reason to believe that had his TDC challenged the military judge, the judge would have recused himself.  In fact, it is unclear whether the appellant believes the prejudice lies in his conviction or his sentence until he requests a new judge for a rehearing on sentence in the conclusion to his brief.  Even then, the appellant does not even broach why a different judge would have awarded a different sentence based on the same stipulation of fact, providence colloquy, and presentencing evidence and testimony.

The errors appellant alleges would not result in relief, even if any factual dispute were resolved in his favor.[6]  Thus, we need not conduct further fact finding proceedings.  *See Ginn*, 47 M.J. at 248.  As the appellant has failed to demonstrate deficient performance or resulting prejudce, we find no ineffective assistance of counsel.

---

[5] *See* AE VI and Record at 16.

[6] The record supports the facts in appellant's brief, leaving no facts in dispute.

## Conclusion

The findings of guilty to Specifications 1 and 5 of the Charge, subsequent to the merger, and the sentence are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

6