# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39535**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Wayne A. CARRILLO**
Second Lieutenant (O-1), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 13 January 2020

———————————

*Military Judge:* Bradley A. Morris.

*Approved sentence:* Dismissal, confinement for 5 months, and a reprimand. Sentence adjudged 31 May 2018 by GCM convened at Barksdale Air Force Base, Louisiana.

*For Appellant:* Major Todd M. Swensen, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Captain Peter F. Kellett, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, POSCH, and KEY, *Appellate Military Judges.*

Judge KEY delivered the opinion of the court, in which Senior Judge J. JOHNSON and Judge POSCH joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

KEY, Judge:

A general court-martial composed of officer members convicted Appellant, contrary to his pleas, of three specifications of using methamphetamine in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.[1] The court-martial sentenced Appellant to a dismissal, confinement for five months, and a reprimand. The convening authority approved the sentence as adjudged.

On appeal, Appellant alleges the convening authority abused his discretion in denying Appellant's requests to defer and waive automatic forfeitures of pay and allowances for the benefit of his daughter. We find no error and affirm.

## I. BACKGROUND

On 1 June 2018, the day after Appellant was convicted and sentenced, Appellant's trial defense counsel submitted a written request to the convening authority asking him to "defer and waive [Appellant's] forfeitures and reduction in rank," citing Articles 57 and 58b, UCMJ, 10 U.S.C. §§ 857, 858b.[2] More specifically, trial defense counsel asked the convening authority to: (1) defer Appellant's forfeitures until taking action on the sentence, and thereafter (2) waive Appellant's forfeitures for a period of six months for the benefit of Appellant's 12-year-old daughter, KC, who was living with a family friend during Appellant's confinement.[3] In the request, trial defense counsel explained that Appellant's family refused to care for KC while he was in confinement and that his ex-wife (KC's mother) could not financially support KC, had moved away, was not paying child support, and was suffering from "a severe mental health disorder."

Eleven days later, on 12 June 2018, the convening authority's staff judge advocate (SJA) advised the convening authority in a written legal review that

---

[1] All references in this opinion to the Uniform Code of Military Justice (UCMJ) and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2016 ed.).

[2] Notwithstanding the request, the court-martial did not reduce Appellant's grade and lacked the authority to do so because of Appellant's status as a commissioned officer. R.C.M. 1003(b)(4), 1003(c)(2)(A)(i)

[3] Waiver of forfeitures was only available during Appellant's confinement. Article 58b, UCMJ, 10 U.S.C. § 858b. Due to being sentenced to just five months of confinement, the convening authority had no authority to grant the entire six-month waiver requested by the Defense.

Appellant had not submitted evidence that his ex-wife was, in fact, mentally ill and not supporting their daughter; of his financial status; of the "legal status of the arrangement" regarding the friend taking care of KC; or of KC's mother's "legal requirements" to support her daughter. Concluding "the available evidence . . . does not demonstrate a need to waive the forfeitures of pay and allowances," the SJA recommended the convening authority deny the waiver request for the benefit of Appellant's daughter. This written recommendation, which was served on trial defense counsel the same day it was provided to the convening authority, solely addressed Appellant's waiver request and made no mention of his deferment request.

The same day the SJA made his recommendation, the convening authority denied Appellant's deferment request in a written memorandum. The convening authority listed four considerations without analysis or discussion: (1) Appellant's request, despite "referencing a dependent daughter," contained no evidence of financial difficulties "beyond the statements of counsel;" (2) "the interests of [Appellant] and the community in deferral do not outweigh the community's interests in imposition of the punishment on its effective date;" (3) "such relief would not be in the best interest of good order and discipline;" and (4) Appellant was convicted of drug abuse. The convening authority further noted Appellant had not been reduced in rank, so no action would be taken with respect to Appellant's request to defer or waive reduction in rank. The convening authority made no reference to Appellant's request to waive automatic forfeitures.

Two days after the convening authority's denial, Appellant's trial defense counsel submitted a second request on 14 June 2018, again asking the convening authority to defer forfeitures until taking action on the case and then waive forfeitures for an additional six months for the benefit of KC. With this request, trial defense counsel submitted an email from the family friend watching KC detailing KC's need for financial support, along with Appellant's written unsworn statement from his court-martial, in which he discussed his custody of KC, his parents' unwillingness to support KC, and how his ex-wife's mental health issues contributed to their divorce and her inability to care for KC. The following day, the convening authority denied this second request for deferment, citing the same reasons he gave in the first denial. The convening authority denied the waiver request as well, explaining he had "consider[ed] the factors stated in [Rule for Courts-Martial] 1101(d)(2)" together with the information Appellant submitted, and that he found Appellant's two requests did "not contain persuasive evidence to grant any relief."

The staff judge advocate's recommendation (SJAR) for Appellant's case was completed on 2 August 2018. The SJAR noted the convening authority had denied Appellant's requests for deferment and waiver of forfeitures, and

those denials—along with the SJA's written recommendation on the waiver request—were attached.

On 8 August 2018, trial defense counsel submitted a written clemency request in which he, *inter alia*, again requested the convening authority waive automatic forfeitures for the benefit of KC. Attached to this request was a signed letter from Appellant in which Appellant asked not for the forfeitures to be waived, but that the duration of his confinement be reduced.

The ensuing addendum to the SJAR, dated 14 August 2018, included Appellant's clemency request as an attachment. Although the addendum did not address Appellant's waiver request, it advised the convening authority that he must consider matters submitted by Appellant prior to taking action. The addendum further recommended the convening authority approve the sentence as adjudged, which the convening authority did on 16 August 2018, after certifying he had considered Appellant's clemency submission.

## II. DISCUSSION

### A. Law

By virtue of being sentenced to confinement and a dismissal by a general court-martial, Appellant was required to forfeit his pay and allowances during his period of confinement, by operation of law. Article 58b(a), UCMJ. Such "automatic" or "mandatory" forfeitures commence on the earlier of the date of the convening authority's action on the sentence or 14 days after the sentence is adjudged. Articles 58b(a)(1) and 57(a)(1), UCMJ.

Under Article 58b(a)(1), UCMJ, the starting date of automatic forfeitures may be deferred, or postponed, in the discretion of the convening authority, through approval of the sentence. *See* Article 57(a)(2), UCMJ; Rule for Courts-Martial (R.C.M.) 1101(c). If a deferment of automatic forfeitures is granted, the accused will continue to receive his pay during the deferral. *See, e.g.*, *United States v. Key*, 55 M.J. 537, 542 (A.F. Ct. Crim. App. 2001), *aff'd*, 57 M.J. 246 (C.A.A.F. 2002).

Separate and apart from deferring the start date of automatic forfeitures, a convening authority has the power to waive any or all of the automatic forfeitures for a period of six months or less. Article 58b(b), UCMJ; R.C.M. 1101(d). These waived forfeitures are paid to the dependents of the confined member. *Id.* Although related, deferment and waiver of forfeitures are distinct concepts with separate requirements and different standards of review.

### 1. Deferment

When a member facing automatic forfeitures requests deferment, he has the burden of showing that his interests and those of the community in grant-

ing the deferment outweigh the community's interest in imposing the punishment on its effective date. R.C.M. 1101(c)(3). The Rules for Courts-Martial list factors the convening authority may consider in acting on a deferment request, including the nature of the offense, the sentence, the effect a deferment would have on good order and discipline in the command, and the requesting member's "character, mental condition, family situation, and service record." *Id.*

A convening authority's decision on a deferment request must be in writing, served on the member making the request, and attached to the record of trial. R.C.M. 1101(c)(3), 1103(b)(3)(D). If the request is denied, the convening authority must include the basis for that denial in the written decision. *See United States v. Sloan*, 35 M.J. 4, 6–7 (C.M.A. 1992), *overruled on other grounds*, *United States v. Dinger*, 77 M.J. 447 (C.A.A.F. 2018); *see also* R.C.M. 1103(c)(3), Discussion. In deciding whether or not to grant a deferment, the convening authority may obtain a written legal review from the SJA, but there is no requirement the convening authority do so. *Key*, 55 M.J. at 542–43. Even when a written legal recommendation is prepared, this recommendation need not be served on the member seeking the deferment, at least so long as the review does not inject any new matters into the Article 60, UCMJ, 10 U.S.C. § 860, clemency process. *See Key,* 57 M.J. at 248–49.

We review a convening authority's decision on a deferment request for an abuse of discretion. *Sloan*, 35 M.J. at 6 (citing R.C.M. 1101(c)(3)). In reviewing challenges to deferment denials, we have not required convening authorities to provide in-depth analyses as to their rationale; instead, we have required them to simply identify the reasons for the denial. *See, e.g.*, *United States v. Bell*, No. ACM 39447, 2019 CCA LEXIS 293, at *5 (A.F. Ct. Crim. App. 9 Jul. 2019) (unpub. op.). We have found error with respect to deferment denials when the convening authority advances no reason for the denial at all. *See, e.g.*, *United States v. Paulett*, No. ACM 39268, 2018 CCA LEXIS 444 (A.F. Ct. Crim. App. 14 Sep. 2018) (unpub. op.). Even when a convening authority commits error by failing to set out reasons for denying a deferment request, we have not granted relief in the absence of "credible evidence that a convening authority denied a request to defer punishment for an unlawful or improper reason . . . ." *United States v. Eppes*, No. ACM 38881, 2017 CCA LEXIS 152, at *43 (A.F. Ct. Crim. App. 21 Feb. 2017), *aff'd*, 77 M.J. 339 (C.A.A.F. 2018) (unpub. op.) (citing *United States v. Zimmer*, 56 M.J. 869, 874 (A. Ct. Crim. App. 2002)).

### 2. Waiver

While a convening authority's abilities to defer and waive forfeitures are both statutorily authorized, the waiver power derives from convening authority action under Article 60, UCMJ, and waiver therefore is an act of clemen-

cy. *United States v. Spears*, 48 M.J. 768, 772–73 (A.F. Ct. Crim. App. 1998), *overruled in part on other grounds, United States v. Owen*, 50 M.J. 629 (A.F. Ct. Crim. App. 1998). As a result, the procedural due process requirements of the clemency process apply to waiver requests. *Id.*

When reviewing a request for waiver of automatic forfeitures, the Rules for Courts-Martial identify several factors a convening authority may consider, including: length of confinement, number and age of dependents, whether waiver was requested, and the member's and dependents' financial situations. R.C.M. 1101(d)(2).

Unlike a decision on a deferment request, the convening authority's decision on a waiver request need not be in writing. *United States v. Edwards*, 77 M.J. 668, 670 (A.F. Ct. Crim. App. 2018), *rev. denied*, 77 M.J. 421 (C.A.A.F. 2018). Even when the decision is written, it need not be served on the requesting member, included in the record of trial, or contain any rationale for the decision. *Id.* There is no requirement for the preparation of a legal review responding to a waiver request; however, if one is prepared, we have recommended it be served on the requesting member for comment. *See, e.g.*, *Spears*, 48 M.J. at 776.

When a waiver request is submitted as part of a clemency request, there is no requirement the request be addressed in either the SJAR or the SJAR addendum, so long as there is evidence the convening authority considered the waiver request. *Edwards*, 77 M.J. at 670. Because a convening authority's exercise of discretion to waive or deny waiver of automatic forfeitures is a matter of clemency, it is not subject to judicial review. *Id.*

**B. Analysis**

Throughout the post-trial processing of his case, Appellant submitted two deferment requests and three waiver requests. Appellant initially requested the convening authority defer automatic forfeitures until action was taken, and thereafter waive the forfeitures for the benefit of KC for a period of six months. As noted above, the convening authority only had the power to waive the forfeitures during the period of Appellant's confinement, which would have been—at the very most—only five months. Appellant further asked the convening authority to defer his non-existent reduction in rank.[4] Despite these incongruities, we construe Appellant's request to have been for the con-

---

[4] On appeal, Appellant again asserts the convening authority should have deferred his reduction in rank, a sentence that was not imposed and which there was no authority to impose. *Supra* n.2.

vening authority to minimize the financial impact of the sentence to Appellant and KC; that is, to defer the forfeitures until action and thereafter to waive forfeitures for the benefit of KC for the duration of his incarceration.

The SJA's 12 June 2018 written recommendation regarding this initial request did not address Appellant's deferment request, but it did address his waiver request. As explained in *Key* and *Spears*, there is no requirement to obtain a written legal review for requests of either deferment or waiver of forfeitures. *Key*, 55 M.J. at 542–43; *Spears*, 48 M.J. at 776. When a legal review pertains to waiver of forfeitures, we have recommended that legal review be served on the requesting member, which is what occurred in Appellant's case.

Although the legal review only addressed Appellant's waiver request, the convening authority's denial on 12 June 2018 only addressed deferment. As R.C.M. 1101(c)(3) makes it clear that denials of deferments must be in writing, while *Edwards* informs us that denials of waivers need not be, there is nothing improper with the seemingly disjointed processing of Appellant's request.

The convening authority's written explanation for denying the deferral request was limited, containing no significant analysis. Nonetheless, we have never required more explanation than what the convening authority gave in this case. He thereby fulfilled the requirements of R.C.M. 1101(c)(3).[5]

On appeal, Appellant asserts the convening authority abused his discretion in denying the deferral request because he "erroneously viewed and misapplied the factors of R.C.M. 1101(c)(3)." In short, Appellant argues his lengthy service (he had served 11 years as an enlisted member before being commissioned as an officer), aggravated divorce proceedings (including his then-wife's attempts to murder him), his sole custody of, and financial responsibility for KC, and KC's dire financial straits (she was facing eviction due to her caretaker's insolvency) warranted granting the deferment of automatic forfeitures. We are entirely mindful that another convening authority faced with an Airman felled by substance abuse, responsible for a child unconnected to his offenses, and without any known means of financial support, might have made a different decision. However, the fact that another convening authority might exercise his or her discretion differently than the convening authority here illustrates the breadth of discretion invested in convening

---

[5] *See, e.g.*, *Bell*, unpub. op. at *3 (finding the following justification adequate: "Your request is denied because the nature of the offenses for which you were convicted, the sentence adjudged, the interests of good order and discipline, and the interests of the community outweigh any interest in deferring the sentence imposed.")

authorities with respect to deferment requests and does not evidence an abuse of discretion.

Appellant supplemented his request on 14 June 2018, providing some supporting documentation and deleting the erroneous reference to rank reduction that he had included in his previous request. The next day, on 15 June 2018, the convening authority again denied the deferment request and did so in writing as required by R.C.M. 1101(c)(3). Unlike the prior denial, the convening authority addressed the waiver request, which he was not required to do. The only modification the convening authority made to his 12 June 2018 rationale for denying the deferment request was the deletion of the line asserting Appellant had not provided any evidence of financial difficulties. As explained above, the convening authority's explanation for the deferment denial is legally adequate. We find no evidence of record that the convening authority denied Appellant's deferment request for an unlawful or improper reason, and thus the denial was not an abuse of discretion. *Sloan*, 35 M.J. at 6.

The convening authority's 15 June 2018 explanation for denying the waiver request was even more brief, simply noting he did not find "persuasive evidence to grant any relief in the form of waiver of forfeitures." As discussed above and in *Bell* and *Edwards*, the convening authority was free to provide no rationale—much less a written decision—on the waiver request. Thus, the fact he did deny the request in writing suggests Appellant received greater due process than required.

Both of the convening authority's written denials and the SJA's legal review on the waiver request were attached to the SJAR and subsequently included in the record of trial, thereby fulfilling the requirements of R.C.M. 1101(c)(3) and 1103(b)(3)(D). Upon receiving the SJAR, Appellant renewed his waiver request a third time in his clemency submission, and the convening authority certified he reviewed Appellant's submission. Because the convening authority considered Appellant's third waiver request, there was no requirement that the SJA address it in the SJAR's addendum. *See, e.g.*, *Edwards*, 77 M.J. at 670. At action, the convening authority approved the sentence as adjudged without waiving the forfeitures, effectively denying Appellant's request. As the convening authority was under no obligation to either put the waiver denial in writing or explain his rationale for doing so, we find no error with respect to this denial of Appellant's third waiver request.

## III. CONCLUSION

The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles

59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.[6]



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[6] The court-martial order omits the words "on divers occasions" from Specification 1 of the Charge. We direct the publication of a corrected court-martial order to remedy this error.