UNITED STATES

v.

**Roy D. WILLIAMS, Private (E–1), U.S. Marine Corps.**

MCM 200200384.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 31 May 2001.

Decided 31 July 2002.

CDR George F. Reilly, JAGC, USN, Appellate Defense Counsel.

LT M. Eric Eversole, JAGC, USNR, Appellate Defense Counsel.

LCDR Monte G. Miller, JAGC, USNR, Appellate Government Counsel.

Before PRICE, OZMUN, and BRYANT, Appellate Military Judges.

PRICE, Senior Judge:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The appellant was sentenced to confinement for 45 days and a bad-conduct discharge. In accordance with a pretrial agreement, the convening authority approved the sentence, but suspended confinement in excess of 30 days.

We have carefully considered the record of trial, the summary assignment of error, and the Government's response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### *Blunk*[1] Letter Attached to Record

■ The appellant argues that "the trial defense counsel committed prejudicial error by including appellant's '*Blunk*' letter in the record." Appellant's Brief of 30 Apr 2002 at 2. We now quote the proffered rationale for that argument:

> In accordance with this court's opinion in *United States v. Evans*, there was no ap-

---

1. *United States v. Blunk,* 17 C.M.A. 158, 37 C.M.R. 422, 1967 WL 4281 (1967).

parent need for this letter to be in the record or to be provided to the convening authority. *United States v. Evans,* 35 M.J. 754 at 761[sic][ (N.M.C.M.R.1992) ]. Additionally, including this information may have put at risk the client's desires to obtain a bad conduct discharge. This information could have shown the convening authority that Appellant was serious about his request, on the other hand, it may have shown the convening authority that the in-court request was "ill considered and may stem from immaturity or factors that may be transitory or insignificant." *Id.* at 760. Thus the lack of clemency and the appropriateness of a bad conduct discharge vice a separate administrative separation can not be presumed.

Appellant's Brief of 30 Apr 2002 at 2. As relief, the appellant requests that we set aside the convening authority's action and order a new one. Finding no prejudice to the appellant, we refuse the requested relief.

During his unsworn statement, the appellant told the military judge that he realized a bad-conduct discharge was "not very good" but he would "just muster down" and try to do the best that he could. Record at 25. The trial defense counsel (TDC) then followed with a question about the appellant's desires on separation. The appellant clearly indicated he wanted a bad-conduct discharge. *Id.*

In our review of this record and its allied papers,[2] we find a letter dated 15 May 2001, two weeks before trial, "From: [appellant], To: Record" that essentially states, in pertinent part, that the appellant had been fully advised of the negative ramifications of a bad-conduct discharge and his right to submit clemency matters to the convening authority. The letter concludes with direction to the TDC not to submit such clemency matters. The appellant and his counsel signed the letter. It was placed between the Special Court–Martial Order/Action and a lengthy Appellate Rights Statement. The letter was not referred to at trial by any participant. It was not marked, offered or admitted as an exhibit. Without legal authority or requirement, the letter was attached to the record.

Since the appellant contends that he was somehow prejudiced because the convening authority considered this letter in taking his action, we will examine the text of that action. First, we note that the convening authority approved the sentence and suspended part of the confinement in strict accordance with a pretrial agreement signed by the appellant and the TDC. Second, we note that prior to taking action, the convening authority "considered the comments in the Staff Judge Advocate's Recommendation and the entire record of trial."[3] Special Court–Martial Order and Action Number 334–01 of 12 Oct 2001 at 1. There is no mention of the *Blunk* letter. Neither does the staff judge advocate's recommendation refer to this letter. Accordingly, we will not presume that the convening authority ever saw, much less considered, this letter.

Even if we found that the convening authority did consider this letter, we are at a loss to see how the appellant was prejudiced. The appellant absented himself without authority from his unit less than 6 weeks after reporting for duty. He remained away from his unit without authority for more than 6 months. The only explanation offered for this lengthy absence is that the appellant's wife was pregnant and not feeling well. The appellant disclaimed any defense of duress and explained that he just wanted to offer moral and emotional support. Record at 14. Considering the entire record before us, and relying upon our experience, we find that the convening authority would have approved a bad-conduct discharge in this case with or without the letter. Furthermore, neither the appellant nor his TDC and appellate counsel have placed any information before us to indicate that the appellant no longer desires

---

2. Although the appellant argues that the offending letter was included "in the record," it was actually placed among allied papers attached to the record. *See* Rule for Courts-Martial 1103(c), Manual for Courts-Martial, United States (2000 ed.).

3. Based on our scrutiny of the record, particularly the documents attached to the record after the date of sentencing, we are not convinced that the letter was part of the record when the convening authority considered "the record of trial."

the punitive separation from the Naval service that he so clearly sought at trial. *See Evans,* 35 M.J. at 762.

We now address the Government's contention that the letter is not really a *Blunk* letter. In *Blunk,* the TDC told the court-martial that his client had instructed him not to present any evidence in extenuation and mitigation. He also submitted as an appellate exhibit a letter signed by the accused requesting a bad-conduct discharge and stating that he was doing so contrary to his counsel's advice. The Court of Military Appeals held that the TDC erred in so advising the court-martial, but decided that Fireman Recruit Blunk suffered no prejudice. Since that decision, such a letter has become known as a *Blunk* letter, at least within Navy and Marine Corps military justice circles. Strictly speaking, the Government is correct in that the letter in this record does not match the contents of the original *Blunk* letter.

■ However, whether proffered in the post-trial period, or formally placed before the court-martial at trial, such a letter improperly states, or clearly implies, that the accused is acting contrary to counsel's advice. For the reasons set forth in *Blunk,* we emphasize that defense counsel should not place such information before the court-martial, the staff judge advocate, or the convening authority. The *Blunk* Court suggested that "the better practice in any case is for counsel, if he desires to protect himself against later, unjustified attack, to secure a statement in writing from his client and retain the same in his possession." *Blunk,* 37 C.M.R. at 425. Thirty-five years later, that suggestion is still valid. *See United States v. Lyons,* 36 M.J. 425, 427 (C.M.A.1993).

We find that the TDC erred by proffering the letter for attachment to the record.[4] Testing for prejudice, we remain satisfied that the sentence was appropriate and that the appellant suffered no prejudice at the hands of the convening authority.

**Conclusion**

We affirm the findings and sentence, as approved on review below.

Judge OZMUN and Judge BRYANT concur.

**UNITED STATES**

---

4. We also find that the staff judge advocate erred    by attaching the letter to the record.