## UNITED STATES

v.

**Lazaro ADAME, Jr., Private First Class (E–2), U.S. Marine Corps.**

NMCM 200200889.

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 4 April 2001.

Decided 14 Jan. 2003.

CDR George F. Reilly, JAGC, USN, Appellate Defense Counsel.

Capt John A. Fabian III, JAGC, USNR, Appellate Defense Counsel.

Maj Patricio A. Tafoya, USMC, Appellate Government Counsel.

LCDR Frank M. Doherty, JAGC, USNR, Appellate Government Counsel.

Before PRICE, Senior Judge, CARVER, and BRYANT, Appellate Military Judges.

BRYANT, Judge:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The appellant was sentenced to 75 days confinement, forfeiture of $600.00 pay per month for a period of 2 months, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.

After considering the record of trial, the appellant's assignment of error, and the Government's response, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

The appellant asserts that the military judge erred by questioning both the appellant and his trial defense counsel (DC) about conversations they had regarding his desire to be awarded a bad-conduct discharge. Appellant's Brief of 31 Jul 2002 at 4–5. He also asserts that the military judge erred by asking questions about his unsworn statement. The appellant requests that we set aside the sentence and authorize a rehearing on sentence. *Id.* at 7. We agree that, in this case, the military judge erred by the invasiveness of his questioning. Nevertheless, the questioning did not materially prejudice the substantial rights of the appellant. We therefore decline to grant relief.

During the sentencing phase of the trial, the appellant made an unsworn statement wherein he said, among other things, "I do believe it would be in the best interest of the Marine Corps that I be discharged." Record at 35. Later, in response to questions from DC, the appellant stated that he understood the ramifications of his request for a bad-conduct discharge. *Id.* at 36–37. In argument on sentence, DC said "[w]ith all of the circumstances involved ... we think it is appropriate that you allow [the appellant] to go back to his family and take care of both of them." *Id.* at 40.

After DC's argument, the following colloquy transpired:

MJ: Thank you, [DC] ... are you advocating for a punitive discharge?

DC: No, sir. I am advocating that my client's unsworn statement be taken into consideration.

MJ: ... [H]ave you talked to PFC Adame about the consequences of a punitive discharge?

DC: I have extensively, sir.

MJ: Have you tried to talk him out of a punitive discharge?
DC: Yes, sir.
MJ: PFC Adame, is that correct?
ACC: Yes, sir.
MJ: So in this regard, at least as far as a punitive discharge, [DC's] advice to you has been that it is not in your best interest?
ACC: Yes, sir.
MJ: You desire a punitive discharge regardless of that advice?
ACC: (No response)
MJ: Do you think you could complete your enlistment contract if you are not discharged?
ACC: No, sir.

*Id.* at 40–41 (emphasis added).

Military personnel convicted of a crime have the option to make an unsworn statement prior to sentencing. RULE FOR COURTS-MARTIAL, 1001(c)(2)(C), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.). This is a "valuable right," which military custom has long recognized. *United States v. Partyka,* 30 M.J. 242, 246 (C.M.A.1990). The key benefit is that the appellant can provide information to the court-martial, but the trial counsel and the court may not cross-examine him on it. R.C.M. 1001(c)(2)(C).

Nevertheless, it may be appropriate, in some instances, for a military judge to make inquiry of an appellant or of trial defense counsel about an appellant's request in an unsworn statement for a bad-conduct discharge. In *United States v. Evans,* 35 M.J. 754 (N.M.C.M.R.1992) we said that:

> [I]f trial defense counsel argues that a punitive discharge is appropriate, the military judge must question the accused *if* it appears that this concession does not comport with the accused's desires or the accused does not understand the ramifications of it. This questioning need not be extensive. In cases in which the award of a punitive discharge is virtually certain and it appears that defense counsel's concession in argument is patently reasonable, no inquiry by the military judge is required even if the accused has not affirmatively stated his desire for a punitive discharge. Certainly, the better practice in this latter eventuality is for the military judge to conduct a brief inquiry to ensure that the

accused agrees with his counsel's concession.

*Id.* at 758–59 (citations omitted).

■ However, it has long been the standard that under no circumstances should the defense counsel disclose to the sentencing authority confidential advice from counsel to an accused concerning the accused's punitive discharge request. *United States v. Lyons,* 36 M.J. 425, 427 (C.M.A.1993). As we said in *Evans:*

> The military judge, trial counsel, and the public have no right to learn defense counsel's confidential advice to his client concerning the merits or wisdom of requesting a bad-conduct discharge simply because an accused requests one at trial.

*Evans,* 35 M.J. at 759.

■ By asking DC if he had tried to talk the appellant out of requesting a bad-conduct discharge, and thereafter asking the appellant to confirm, the military judge was asking them to reveal confidential communications. We see nothing in the circumstances of this case that warrants the military judge making such an inquiry. Furthermore, DC's response to the military judge's question compounded the error. "[D]efense counsel should not disclose to the sentencing authority that his client is acting contrary to advice of counsel." *Lyons,* 36 M.J. at 427; *see also United States v. Blunk,* 17 C.M.A. 158, 161, 37 C.M.R. 422, 425, 1967 WL 4281 (1967)(finding that defense counsel erred "in advising the court that accused, acting contrary to his advice, desired to present nothing in extenuation and mitigation").

■ Finally, the military judge's inquiry as to whether the appellant would complete his enlistment if he were not discharged was error. As we again said in *Evans:*

> [W]hen some inquiry must be made following a request for a punitive discharge, a military judge should only ascertain the accused's understanding of the consequences of requesting a bad-conduct discharge and his desires in this regard: the reasons for and wisdom of doing so are for the accused and his counsel. By ranging far afield of any legitimate inquiry into the

providence of the bad-conduct discharge request, the military judge's inquiry was tantamount to questioning appellant on his unsworn statement. We reiterate again that an accused cannot be cross-examined, directly or indirectly, on his unsworn statement.

*Evans*, 35 M.J. at 759 (quoting *United States v. Whitt*, 9 M.J. 953, 958 (N.C.M.R.1980)).

Given the errors that occurred at trial, we must test for prejudice. *See Id.* at 761; *United States v. Williams*, 57 M.J. 581 (N.M.Ct.Crim.App.2002). In this case we find no material prejudice to a substantial right.

■ As stated by our senior Court in *United States v. Blunk*, "[t]he ultimate issue here is simply whether there is presented by reason of the error a fair risk that the court was affected in its deliberations on the sentence by the matter thus revealed." *Blunk*, 17 C.M.A. at 161, 37 C.M.R. at 425. Like the Court in *Blunk*, we conclude there was no risk that the military judge was affected in his sentencing decision. First, as in *Blunk*, the bad-conduct discharge "is precisely that which the accused himself sought and of which he has not ... since complained." *Id.; accord Evans*, 35 M.J. at 762; *Williams*, 57 M.J. at 582–83. Second, the bad-conduct discharge was fully justified by the appellant's offenses. The appellant absented himself without authority from his unit for approximately 8 months. Third, the appellant's disciplinary history consists of a nonjudicial punishment for an unauthorized absence of approximately 1 month. After considering the entire record, we are convinced that the military judge would have adjudged, and the convening authority would have approved, a bad-conduct discharge in this case, even if the errors at trial had not occurred.

In addition, neither the appellant nor his counsel has placed any information before us to indicate that the appellant no longer desires the punitive discharge. *See Evans*, 35 M.J. at 762. Therefore, any errors committed did not prejudice the appellant.

**Conclusion**

Accordingly, we affirm the findings and sentence, as approved on review below.

Senior Judge PRICE and Judge CARVER concur.