# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

**No. 201600142**

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## JARNELL A. CONRAD II
Aviation Ordnanceman Airman Apprentice (E-2), U.S. Navy
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Ann K. Minami, JAGC, USN.
For Appellant: Commander R.D. Evans, Jr., JAGC, USN.
For Appellee: Commander Serajul F. Ali, JAGC, USN; Lieutenant Jetti L. Gibson, JAGC, USN.

———————————

Decided 8 September 2016

———————————

Before FISCHER,[1] CAMPBELL and GROHARING, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

   At an uncontested special court-martial, a military judge convicted the appellant of wrongfully distributing a controlled substance and endeavoring to impede an investigation in violation of Articles 112a and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a and 934. The military judge sentenced the appellant to five months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA)

---

[1] Senior Judge FISCHER participated in the decision of this case prior to detaching from the court.

approved the sentence and, pursuant to a pretrial agreement (PTA), suspended all confinement in excess of 120 days.

The appellant contends that his trial defense counsel improperly disclosed privileged communications in a post-trial clemency request, and that prejudice resulted from the letter alerting the CA, before action had been taken on the court-martial sentence, that the trial defense counsel questioned the propriety of the appellant's desired clemency. We disagree.

## I. BACKGROUND

During 2015, the appellant sold methylenedioxymethamphetamine, commonly known as ecstasy or "molly," to another Sailor from his ship. After being interviewed by the Naval Criminal Investigative Service (NCIS) for suspected drug distribution, the appellant told his buyer to lie about their text message communications to investigators. After initially lying to NCIS, that Sailor ultimately admitted to sending the previously discovered incriminating texts about drug distribution and use to the appellant.

In exchange for his guilty pleas, the appellant's PTA provided, in part, that while any punitive discharge, confinement, and rank reduction "[m]ay be approved as adjudged . . . all confinement in excess of 120 days will be suspended for the period of confinement served plus twelve (12) months thereafter[.]"[2]

The sole clemency request in a post-trial filing was for the CA to "approve only 90 days of confinement."[3] In the filing, the trial defense counsel disclosed his explanation of the CA's limited clemency powers to the appellant:

> 2. I have explained to [the appellant] that the [CA] cannot alter the adjudged punishments [sic] of a Bad Conduct Discharge. I have explained to [the appellant] that his single status and being held in confinement past his EAOS [end of active obligated service] date negate his ability to receive financial clemency relief. Therefore, [the appellant] request[s] that the [CA] approve only 90 days of confinement.

> 3. I have explained to [the appellant] that the [CA] is bound by the confinement terms of his pre-trial agreement to suspend 30 days of adjudged confinement over his 120 day deal, and that his request to approve only 90 days of confinement may run counter to the language of ALNAV 051/14. Nevertheless, this request is to approve only 90 days of confinement. Approving

---

[2] Appellate Exhibit XII at 1.

[3] Request for Clemency of 8 Mar 2016 at 1.

only 90 days will allow [the appellant] to begin his integration into the civilian world where he will become a more productive member of society.

. . . .

5. I have explained to [the appellant] that the [CA] cannot grant financial relief such as deferment or suspension of forfeiture of pay, as he receives no pay by operation of law as he is in confinement past the expiration of his EAOS date. Additionally, [the appellant] has no dependents that he may defer pay or allowances to under Article 58b, UCMJ.[4]

## II. DISCUSSION

Trial defense attorneys are required to "safeguard the confidentiality of their clients' privileged communications unless disclosure is authorized, e.g., the client specifically authorizes disclosure, or a client attacks the effectiveness of his or her attorney, thus waiving the privilege." *United States v. Danley*, 70 M.J. 556, 558 (N-M. Ct. Crim. App. 2011) (citing *United States v. Williams*, 57 M.J. 581, 583 (N-M. Ct. Crim. App. 2002; *see also United States v. Blunk*, 37 C.M.R. 422, 425 (C.M.A. 1967). This includes preventing unauthorized disclosure of certain client letters, often referred to in the sea services as "*Blunk*" letters, which explain that the attorney advised against pursuing a punitive discharge or electing not to submit matters in clemency. *Danley*, 70 M.J. at 558.

The appellant claims that his trial defense counsel improperly disclosed privileged communications by informing the CA about previous explanations of the CA's clemency limitations to the appellant. But as the appellant never explicitly alleges the disclosure was made without his authorization, there is no basis to find the disclosure was unauthorized and thus made erroneously. *See, e.g. United States v. Starling*, 58 M.J. 620, 622-23 (N-M. Ct. Crim. App. 2003) (holding that "bare allegations" of "inadequate representation for failure to exercise . . . post-trial rights" are not "seriously entertained" by this court, "without the submission of an affidavit by the appellant stating how counsel's inaction contrasted with his wishes").

Even assuming the post-trial disclosure was error, we find the appellant suffered no prejudice. *See United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997); *United States v. Jones*, 44 M.J. 242, 243-44 (C.A.A.F. 1996) (holding that new matter included in an SJA addendum was error but that the error was harmless). Despite the appellant's contention that his trial defense counsel "expressing misgivings about confinement relief undermined

---

[4] *Id*. at 1-2.

3

[the appellant's] clemency request" for disapproval of some confinement,[5] his clemency request simply could not be undermined by this disclosure. As the Government properly asserts, "[t]he content of the 'disclosure' did not interfere with [the a]ppellant's right to full and fair clemency consideration by the [CA] because it was merely a recitation of the current state of the law" that "[t]he [t]rial [d]efense counsel had given [the a]ppellant[.]"[6] Under the recent amendments to Article 60(c)(4), UCMJ, the CA had no authority to lower the appellant's confinement below 120 days in this case—and even then only via suspension of adjudged time in excess of that amount pursuant to the PTA.[7]

We are confident that the CA would not have reduced the appellant's confinement, regardless of the disclosure, since he lacks legal authority to disapprove adjudged confinement as requested in the context of this case.[8] Consequently, any error in the disclosure was harmless.

### III. CONCLUSION

The findings and sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court



---

[5] Appellant's Brief of 21 Jun 2016 at 11.

[6] Answer on Behalf of Appellee of 21 Jul 2016 at 10.

[7] The National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, 127 Stat. 672 (2013), amended Article 60(c)(4), UCMJ, reducing the CA's ability to effect sentences in cases with crimes committed on or after 24 June 2014, except for those involving only the most minor of offenses.

[8] With no prosecutor's letter documenting the appellant's cooperation in another case, the CA's clemency powers here included only disapproval, commutation, or suspension of the pay grade reduction. Article 60, UCMJ; Exec. Order. No. 13,696, 80 Fed. Reg. 35,812-13 (22 Jun 2015). The appellant does not contend his trial defense attorney was ineffective for not requesting such relief, and we find no basis to conclude that not requesting it was legal error on this record. *See United States v. Ouillette*, No. 201600075, 2016 CCA LEXIS 481, unpublished op. (N-M. Ct. Crim. App. 16 Aug 2016).