# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

_____

## No. 201600149

_____

## UNITED STATES OF AMERICA
Appellee

v.

## WYATT L. QUALLS
Private (E-1), U.S. Marine Corps
Appellant

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel David M. Jones, USMC.
For Appellant: Commander Brian L. Mizer, JAGC, USN.
For Appellee: Commander Serajul F. Ali, JAGC, USN;
Lieutenant James M. Belforti, JAGC, USN.

_____

Decided 20 December 2016

_____

Before MARKS, FULTON, and GLASER-ALLEN, _Appellate Military Judges_

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

_____

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, in accordance with his pleas, of unauthorized absence, wrongful use of heroin, three specifications of larceny, housebreaking, and unlawfully breaking into a motor vehicle in violation of Articles 86, 112a, 121, 130, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 912a, 921, 930, and 934. The military judge sentenced the appellant to nine months' confinement, forfeiture of $1,000.00 pay per month for twelve months, and a bad-conduct discharge (BCD). The convening authority (CA) approved the sentence as adjudged and, pursuant to a pretrial agreement (PTA), the CA suspended all confinement in excess of 29 days (time served).

In his sole assignment of error, the appellant argues that his trial defense counsel (TDC) improperly disclosed privileged communications to the CA that expressed his desire not to remain in the Marine Corps and not to pursue clemency. He contends that informing the CA of his desires before action had been taken on the court-martial sentence prejudiced his full and fair clemency consideration by the CA. We disagree, find no prejudicial error, and affirm.

## I. BACKGROUND

After being prescribed hydrocodone for an injury, the appellant became dependent on the medication and ultimately addicted to heroin. This addiction led to criminal behavior, including a pattern of theft to fund his drug habit.

During a RULE FOR COURTS-MARTIAL (R.C.M.) 802[1] conference the day of trial,[2] the TDC advised the military judge of the existence of a *Blunk* letter.[3] The military judge summarized this R.C.M. 802 conference and requested the letter be attached to the record as an appellate exhibit—without objection from TDC or the appellant.[4] The *Blunk* letter was addressed to "Case File," and the subject was "MEMORANDUM OF CERTAIN INSTRUCTIONS TO MY DETAILED DEFENSE COUNSEL."[5] The letter explained that the appellant was: 1) aware of the negative consequences of a BCD, 2) that his defense counsel's advice was to avoid the BCD if possible, and 3) that the appellant's:

> [m]ain concern is minimizing as much as possible the potential confinement I may receive as part of a sentence, and [my counsel] has negotiated a pretrial agreement on my behalf that will accomplish this goal if I receive a BCD. Consequently, I have directed him not to put on any evidence in this case that may tend to prevent me from receiving a BCD.[6]

The *Blunk* letter also noted that the appellant understood his rights to submit matters in clemency, and "[b]ecause I do not desire to remain in the Marine Corps, I also do not desire to pursue any type of post-trial clemency.

---

[1] MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).

[2] 21 Dec 2015.

[3] *See United States v. Blunk*, 37 C.M.R. 422 (C.M.A. 1967).

[4] Record at 19.

[5] Appellate Exhibit (AE) VI at 1.

[6] *Id.*

Consequently, I am directing [my counsel] not to submit clemency matters on my behalf after my court-martial."[7]

In sentencing, the TDC presented only the appellant's unsworn statement. While the appellant did not directly request a BCD from the military judge, when asked by TDC about his future plans, he replied:

> Short-term goals is [sic] I want to help my family out, help my dad out. I'm going to start doing taxidermy work, get my certification in taxidermy, and also help my dad out over a period of time. And work on getting my electrical license. And hopefully, one day, being able to take over his business, along with my little brother, sir.[8]

Trial counsel (TC) then argued for the special court-martial maximum punishment. In response, TDC disagreed, contending:

> An appropriate punishment, sir, is allowing him to go back to his family, to go away from his command, so that he can go away from the Marine Corps, away from these negative influences here in Charleston, here in Beaufort, go back to his family so that he can start putting things back together. So that he could start, once again, on the road to recovery. So that he can pick up the ashes of this failure and start again.[9]

In exchange for his guilty pleas, the appellant's PTA provided, in part, that while any punitive discharge, confinement, and rank reduction may be approved as adjudged, "*if a punitive discharge is adjudged* and I request voluntary appellate leave by close of business on the date of trial of the sentence being adjudged, *all confinement in excess of time served will be suspended* for the period of confinement served plus twelve (12) months thereafter[.]"[10] Per the appellant's wishes, the TDC did not submit matters in clemency in his case.[11]

## II. DISCUSSION

Trial defense attorneys are required to "safeguard the confidentiality of their clients' privileged communications unless disclosure is authorized, e.g., the client specifically authorizes disclosure, or a client attacks the effectiveness of his or her attorney, thus waiving the privilege." *United States*

---

[7] *Id.* at 1-2.

[8] Record at 101.

[9] *Id.* at 104

[10] AE V at 1 (emphasis added).

[11] AE VI at 2.

*v. Danley*, 70 M.J. 556, 558 (N-M. Ct. Crim. App. 2011) (citing *United States v. Williams*, 57 M.J. 581, 583 (N-M. Ct. Crim. App. 2002); *see also Blunk*, 37 C.M.R. at 425. This safeguarding includes preventing unauthorized disclosure of certain client letters, often referred to in the sea services as "*Blunk*" letters, which explain that the attorney advised against pursuing a punitive discharge or electing not to submit matters in clemency. *Danley*, 70 M.J. at 558.

The appellant argues that his TDC improperly disclosed privileged communications by informing the CA about his desire to leave the Marine Corps and not submit clemency matters. However, here the appellant never explicitly alleges the disclosure was made without his authorization, and in fact he was present in court when the letter was attached to the record.[12] Therefore, while this court has repeatedly held, as recently as in *Williams* and *Danley,* that such matters should not be disclosed,[13] on these facts, there is no basis to find the disclosure was unauthorized and thus made erroneously. *See, e.g.*; *United States v. Ginn*, 47 M.J. 236, 240, 248 (C.A.A.F. 1997) (refusing to "invalidate [the appellant's] guilty plea on the basis of post-trial speculation," even when the appellant had submitted an affidavit in support of his ineffective assistance of counsel claim); *United States v. Starling*, 58 M.J. 620, 622-23 (N-M. Ct. Crim. App. 2003) (holding that "bare allegations" of "inadequate representation for failure to exercise . . . post-trial rights" are not "seriously entertained" by this court, "without the submission of an affidavit by the appellant stating how counsel's inaction contrasted with his wishes").

Even assuming the disclosure was error, we find the appellant suffered no prejudice. *See United States v. Chatman*, 46 M.J. 321, 323 (C.A.A.F. 1997). The appellant relies heavily on the *Danley* case in arguing prejudicial error, but that case is distinguishable from the facts before us. In *Danley*, the government conceded the error and the court found that but for the unauthorized disclosure of the *Blunk* letter, the CA would not have been aware of the appellant's secret desire to separate from the service. *Danley*, 70 M.J. at 556, 560-61. This was true because the TDC specifically argued against a BCD at trial. *Id.* at 557. Here there was no such incongruity. The appellant's desire to leave the Marine Corps was evident to the CA throughout the record, from the appellant's unsworn statement, the TDC's sentencing argument, and the PTA itself, which provided the appellant his

---

[12] Nor is there an affidavit from the appellant alleging unauthorized disclosure or that he no longer desires the BCD he sought at trial.

[13] "We emphasize once again, as we did in *Williams*, 'defense counsel should not place such information before the court-martial, the staff judge advocate, or the convening authority.'" *Danley*, 70 M.J. at 558 (citing *Williams*, 57 M.J. at 583.)

desired "time-served deal" only if a BCD was adjudged. Therefore, the *Blunk* letter did not provide any new—or prejudicial—information to the CA.

Further, as the government properly asserts, "[t]he disclosure of the *Blunk* letter—whether authorized or not—could not have jeopardized the appellant's chances of having the [CA] set aside his punitive discharge, given the [CA's] inability to grant that type of relief."[14] Likewise, we are confident that regardless of the disclosure, the CA would not have disapproved a BCD in the context of this case, given his conscious choice not to do so in the PTA.[15] Therefore, any error in the disclosure was harmless.

### III. CONCLUSION

The findings and sentence as approved by the CA are affirmed.

For the Court



R.H. TROIDL
Clerk of Court

---

[14] Answer on Behalf of Appellee of 1 Sep 2016 at 9. The National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, 127 Stat. 672 (2013), amended Article 60(c)(4), UCMJ, reducing the CA's ability to effect sentences in cases with crimes committed on or after 24 June 2014, except for those involving only the most minor of offenses.

[15] *See United States v. Kruse*, __ M.J. __, No. 201600101, 2016 CCA LEXIS 650, at *8-10 (N-M. Ct. Crim. App. 3 Nov 2016) (holding such an action by the CA to be *ultra vires*). With no prosecutor's letter documenting the appellant's cooperation in another case, the CA's clemency powers here included only disapproval, commutation, or suspension of the forfeiture. Art. 60, UCMJ; Exec. Order. No. 13,696, 80 Fed. Reg. 35, 783, 35,812-13 (22 Jun 2015). The appellant does not contend his trial defense attorney was ineffective for not requesting such relief, and we find no basis to conclude that failure to do so was legal error on this record. *See United States v. Ouillette*, No. 201600075, 2016 CCA LEXIS 481, unpublished op. (N-M. Ct. Crim. App. 16 Aug 2016).