# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

**No. 201600184**

————————————

**UNITED STATES OF AMERICA**
Appellee

v.

**MARSHALL C. SIMONDS**
Electrician's Mate Third Class (E-4), U.S. Navy
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Ann K. Minami, JAGC, USN.
Convening Authority: Commanding Officer, USS NIMITZ (CVN 68).
Staff Judge Advocate's Recommendation: Lieutenant Commander
Christopher J. Deerwester, JAGC, USN.
For Appellant: Commander Robert D. Evans, Jr., JAGC, USN.
For Appellee: Commander James E. Carsten, JAGC, USN;
Lieutenant Jetti L. Gibson, JAGC, USN.

————————————

Decided 28 February 2017

————————————

Before CAMPBELL, GLASER-ALLEN, and HUTCHISON, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

PER CURIAM:

At an uncontested special court-martial for offenses committed between October and December 2015, a military judge convicted the appellant of conspiracy to wrongfully distribute oxycodone, unauthorized absence, wrongful use of heroin and methamphetamine, and wrongfully endeavoring to impede an investigation—violations of Articles 81, 86, 112a, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 886, 912a, and

934 (2012). The military judge sentenced the appellant to five months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged. A negotiated term of the pretrial agreement required the CA to suspend any adjudged confinement in excess of five months.

While conceding that there was no ineffective post-trial assistance of counsel,[1] the appellant's two assignments of error argue that his trial defense counsel's (TDC's) post-trial correspondence to the CA disclosed privileged communications and stymied his entitlement to an "individualized clemency request."[2] We find that the appellant was not prejudiced by the clemency efforts and grant no relief.

## I. BACKGROUND

At trial, the military judge verified that the appellant had a copy of a Post-Trial and Appellate Rights Advisement, had read it carefully, had discussed it with the TDC, understood the information within the document, and signed the version attached to the record. The document that the appellant signed explained the CA's applicable clemency powers:

> 2. **For offenses occurring <u>after</u> June 24, 2014** After the record of trial is prepared, the convening authority (CA) will act on my case. I understand that the CA's ability to approve a lesser sentence, or to disapprove any findings of guilty is limited by Article 60, UCMJ, and that if I am found guilty of a Qualifying Offense that I am not entitled to have those findings or sentence disapproved except as permitted by Article 60. I also understand that the CA cannot increase my sentence. The CA is not required to review the case for legal errors, but, if any are identified, may take action to correct them.[3]

The sole clemency request in a post-trial filing was for the CA to "approve only 120 days of confinement."[4] In that filing, the TDC disclosed his explanation of the CA's clemency powers to the appellant, but at various times misidentified the appellant as one of the TDC's other clients—one who was also tried for charges referred to a special court-martial by the same CA:

---

[1] Appellant's Brief of 13 Jul 2016 at 10, 14 ("EM3 Simonds has not alleged that his [TDC] was ineffective or that the representation fell short of any professional norm. . . . EM3 Simonds does not argue that his [TDC]'s performance fell below the standard articulated in *United States v. Strickland*, 466 U.S. 668 (1984).").

[2] *Id*. at 13.

[3] Appellate Exhibit IV at 1.

[4] Request for Clemency of 10 Mar 2016 at 1.

3. I have explained to AOAA Conrad [sic] that the [CA] is bound by the confinement terms of his pre-trial agreement and that the [CA] may not increase his sentence. The wording of ALNAV 051/14 purports to limit alteration of confinement if a Bad Conduct Discharge is adjudged, while Article 60 appears to have a less restrictive prohibition, allowing for reduction in confinement if adjudged confinement is not over six months. As EM3 Simonds has 150 days adjudged confinement, a strict reading of Article 60, a greater authority than ALNAV 051/14, would allow for reduction in confinement. Therefore, EM3 Simonds request[s] that you only approve 120 days['] confinement. Approving only 120 days will allow EM3 Simonds to begin his integration into the civilian world where he will become a more productive member of society.

. . . .

5. I have explained to AOAA Conrad [sic] that the [CA] cannot dis[ap]prove, suspend or remit, the adjudged Bad Conduct Discharge. AOAA Conrad [sic] is aware that only the Navy-Marine Corps Court of Criminal Appeals may approve a Bad Conduct Discharge upon completion of appellate relief [sic].[5]

## II. DISCUSSION

### A. Client communication disclosures in the clemency request

Trial defense attorneys are required to "safeguard the confidentiality of their clients' privileged communications unless disclosure is authorized, e.g., the client specifically authorizes disclosure, or a client attacks the effectiveness of his or her attorney, thus waiving the privilege." *United States v. Danley*, 70 M.J. 556, 558 (N-M. Ct. Crim. App. 2011) (citing *United States v. Williams*, 57 M.J. 581, 583 (N-M. Ct. Crim. App. 2002)).

The appellant argues that this case is like *Danley*, explaining that our court there found prejudicial error, "[w]hen a trial defense counsel, without authorization from the client, discloses confidential matter to a [CA] which could only undermine the client's legal position[.]"[6] The appellant claims his TDC improperly disclosed privileged communications and "undermined" the

---

[5] *Id*. at 1-2. The scrivener's errors are obvious remnants from an earlier clemency request—dated two days earlier than the appellant's—that the TDC submitted in representing "AOAA Conrad" in a different case. *See United States v. Conrad*, No. 201600142, 2016 CCA LEXIS 535, unpublished op. (N-M. Ct. Crim. App. 8 Sep 2016) (per curiam).

[6] Appellant's Brief at 6-7.

clemency request by informing the CA about previous explanations "that ALNAV 051/14 might preclude the requested clemency."[7] The attempted analogy fails.

First, there is no basis to conclude the clemency disclosures here were unauthorized. *See, e.g. United States v. Starling*, 58 M.J. 620, 622-23 (N-M. Ct. Crim. App. 2003) (holding that "bare allegations" of "inadequate representation for failure to exercise . . . post-trial rights" are not "seriously entertained" by this court, "without the submission of an affidavit by the appellant stating how counsel's inaction contrasted with his wishes").

Second, the TDC's argument—that ALNAV 051/14 does not alter the CA's power to reduce the adjudged confinement beyond the pretrial agreement terms—does not undermine the appellant's legal position at all. Instead, it properly explains how Article 60, UCMJ, applies to the adjudged sentence. Despite the government's contentions, any ambiguous language in ALNAV 051/14, or contrary application of the law in *United States v. Conrad*, NMCCA No. 201600142, 2016 CCA LEXIS 535, unpublished op. (N-M. Ct. Crim. App. 8 Sep 2016) (per curiam), for offenses committed on or after 24 June 2014, Article 60(c)(4)(A) and the implementing provisions of RULE FOR COURTS-MARTIAL 1107(d)(1), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), as amended in 2015, limit the CA's clemency powers regarding confinement only if more than six months is adjudged, regardless of whether a punitive discharge is also adjudged. Thus, the appellant's clemency request simply could not be undermined by the nature of the disclosure in the TDC's letter correctly advocating for this authorized clemency action.

## B. **Individualized clemency request**

While "acknowledg[ing] that certain aspects of the clemency request . . . *were* individualized," with "specific references to EM3 Simonds' family circumstances" and the implications of his "automatic forfeitures," the appellant insists the clemency letter's "three references to 'AOAA Conrad' . . . are distracting" to the point that he "suffered prejudice in that his best chance for post-trial relief was undermined."[8] We disagree.

For relief, an appellant must establish an error materially prejudicial to his substantial rights. Art. 59(a), UCMJ. "Because clemency is a highly discretionary Executive function, there is material prejudice to the substantial rights of an appellant if there is an error and the appellant makes some colorable showing of possible prejudice." *United States v. Rosenthal*, 62 M.J. 261, 263 (C.A.A.F. 2005) (citations and internal quotation marks

---

[7] *Id*. at 5.

[8] *Id.* at 13-14.

omitted). In "those cases where an appellant has not been prejudiced, even though there is clearly an error in the post-trial proceedings[,]" our superior court has advised, "the Courts of Criminal Appeals preferably should say so and articulate reasons why there is no prejudice." *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998).

Aside from the three instances of the appellant's misstated name in the clemency request, there were no procedural or substantive errors in the post-trial proceedings, and everything else in the clemency request applies directly to the facts of this case and the appellant's personal circumstances. The TDC's obvious scrivener's errors reflect negatively on his professionalism within the specific context of the post-trial submission. But we find that those errors did not obscure the TDC's clemency arguments. As the CA considered those arguments before deciding to grant the appellant no clemency,[9] we further find no cause to set aside the CA's action or to seal or expunge the clemency submission as the appellant requests.

## III. CONCLUSION

The findings and sentence as approved by the CA are affirmed.

For the Court



R.H. TROIDL
Clerk of Court

---

[9] After approving the adjudged sentence, the CA expressly noted that TDC "submitted a petition for clemency under R.C.M. 1105 on 10 March 2016, requesting approval of only 120 days of confinement, which was denied[,]" and further noted having "considered . . . all matters submitted by the [appellant] through detailed [TDC] on 10 March 2016 under R.C.M. 1105." Special Court-Martial Order Number 02A-16 of 13 May 2016 at 3-4.