"When we assumed the Soldier, ...."

**UNITED STATES**

**v.**

**Stoney D. STARLING, Private First Class (E–2), U.S. Marine Corps.**

**NMCM 200102174.**

U.S. Navy–Marine Corps Court of Criminal Appeals.

Sentence Adjudged 26 Feb. 2001.

Decided 28 March 2003.

LtCol William F.L. Rodgers, USMCR, Appellate Defense Counsel.

Lt Jason A. Lien, JAGC, USNR, Appellate Government Counsel.

Before LEO, Chief Judge, RITTER, and FINNIE, Appellate Military Judges.

FINNIE, Senior Judge:

A military judge, sitting as a special court-martial, convicted the appellant, in accordance with his pleas, of use of methamphetamine, cocaine, and marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a. The appellant was sentenced to confinement for 75 days, forfeiture of $600.00 pay per month for 2 months, reduction to pay grade E–1, and a bad-conduct discharge. Pursuant to a pretrial agreement, the convening authority suspended all confinement in excess of 60 days for a period of 6 months from the date of trial.

We have carefully considered the record of trial, the single summary assignment of error, and the Government's response. We conclude that the findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).

### Background

The appellant pled guilty to using all three drugs over a 2–day period in Vista, California. During presentencing, the Government admitted pertinent portions of the appellant's service record into evidence. Prosecution Exhibit 1. The trial defense counsel did not offer any evidence in extenuation and mitigation. Post-trial, the record of trial and staff judge advocate's recommendation were served upon the trial defense counsel, pursuant to the appellant's request at trial. No matters in clemency were submitted.

### Ineffective Assistance of Counsel

The appellant asserts that his trial defense counsel provided ineffective assistance of counsel by failing to offer evidence in extenuation or mitigation, and by failing to submit post-trial clemency matters. Appellant's Brief of 28 Mar 2002 at 2. We disagree.

 The standard for ineffective assistance of counsel is a two-prong test, as set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the appellant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the appellant must show that the deficient performance prejudiced the defense. This requires showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been differ-

ent." *See United States v. Wiley,* 47 M.J. 158, 159 (1997)(quoting *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052). There is a strong presumption that counsel is competent. *See United States v. Key,* 57 M.J. 246, 249 (2002) (citing *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052).

■ In this case, the military judge gave detailed advice to the appellant of his right to submit matters for consideration before sentencing as follows:

MJ: Then the court will note the personal data on the charge sheet and will consider the matters addressed during the providence inquiry as well.

Private First Class Starling, at this point in the trial you have the right to present matters in extenuation and mitigation, that is, matters about yourself or the offenses which you want the court to consider when deciding a sentence. Included in your right to present such matters are the rights that you have to testify under oath, to make an unsworn statement, or to remain silent.

If you testify under oath, you may be cross-examined by trial counsel and questioned by me. If you make an unsworn statement, you may not be cross-examined by trial counsel or questioned by me. However, the government does have the right to rebut any statement of fact contained in your unsworn statement.

You may make an unsworn statement orally or in writing, personally or through your counsel, or you can use a combination of those ways.

If you decide to exercise your right to remain silent that cannot and will not be held against you in any way. Do you understand these rights?

Record at 35. The appellant acknowledged that he understood the aforementioned advice. *Id.* at 36. Although he offered no matters for the military judge's consideration in presentencing, in his sentencing argument, the trial defense counsel highlighted favorable matter from the personnel records of the appellant contained in Prosecution Exhibit 1. *Id.* at 37–38. After sentencing, the appellant responded affirmatively to the military judge's question whether he understood his appellate and post-trial rights. *Id.* at 39. A document, signed by the appellant and his trial defense counsel, that detailed the appellant's understanding of his post-trial rights and his trial defense counsel's responsibilities in that regard was included in the record of trial. Appellate Exhibit III.

The appellant now contends that the failure to offer evidence in extenuation and mitigation, and the failure to submit post-trial clemency matters constitutes ineffective assistance of counsel. However, he cites no authority for the proposition that the failure to present evidence in extenuation and mitigation, or the failure to submit post-trial matters, standing alone, constitutes *per se* deficient representation. We are unaware of any authority supporting that proposition, and we expressly decline to extend the *Strickland* and *Wiley* line of cases to establish such a requirement here.

The bare allegations in the appellant's brief do not meet the burden of showing deficient representation. *See Key,* 57 M.J. at 249 ("Broad, generalized accusations are insufficient to satisfy the first prong"). The appellant asserts that the failure to offer any evidence in extenuation and mitigation or to submit post-trial clemency matters shows a deficiency on the part of his counsel. Although not cited by the appellant, in *United States v. Boone,* 42 M.J. 308 (1995), the U.S. Court of Appeals for the Armed Forces discussed ineffective assistance when a counsel failed to proffer sentencing evidence to the court-martial. The facts of the instant case, however, are readily distinguishable from those leading to relief in *Boone.* The appellant in *Boone* presented unrebutted affidavits to support his claim of a denial of adequate representation at sentencing. However, the appellant has neither provided an affidavit, nor referenced any specific evidence for the Court's consideration, that the trial defense counsel failed to proffer on his behalf.

■ In contrast, we note the trial defense counsel argued for consideration of the favorable evidence regarding the appellant's military character that was already before the court. Under the sentencing rules, the Gov-

ernment may offer, "any [personnel] records made or maintained in accordance with departmental regulations that reflect the past military efficiency, conduct, performance, and history of the accused." RULE FOR COURTS-MARTIAL 1001(b)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.). The Government will commonly offer in evidence the relevant parts of the accused *entire* personnel record during presentencing. This practice is grounded in the "rule of completeness." When the trial counsel offers evidence of an accused personnel record, the defense may object if favorable portions, which would provide a more complete and accurate picture of the accused's conduct and performance, are omitted from the records. *See United States v. Morgan*, 15 M.J. 128 (C.M.A.1983); MIL. R. EVID. 106, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2000 ed.); R.C.M. 1001(b)(2). Consequently, in the case at bar, we find the trial defense counsel's argument for consideration of those favorable matters contained in Prosecution Exhibit 1 had the identical effect as if the defense had offered the same evidence in extenuation and mitigation.

For this Court to view the presentencing evidence in any other fashion would needlessly serve to encourage counsel to engage in *kabuki* type formalities.[1] For example, a past court-martial practice was for the defense counsel, in the absence of other evidence, to offer a copy of any favorable personnel matter of an accused, although already admitted in the Government's evidence, solely to avoid this type of a claim of ineffective assistance of counsel. We will not encourage such an empty ritual that neither advances the interests of the accused nor promotes the cause of justice.

■ Furthermore, the appellant acknowledged on the record in open court an understanding of his right to submit matters in extenuation and mitigation and an understanding of his post-trial rights. The appellant neither asserts that counsel was acting contrary to his wishes, nor is there any fair indication in the record that counsel was acting contrary to the client's desires. Un-

der the circumstances, we will not presume that the trial defense counsel's failure to exercise specific presentencing or post-trial rights was contrary to the appellant's wishes. The unsupported assertion in the appellant's brief does not overcome the presumption that his counsel was competent under these circumstances. *Key*, 57 M.J. at 249.

■ "If [appellate] counsel, after investigation, is satisfied that another defense counsel who served in an earlier phase of the case did not provide effective assistance, he or she should not hesitate to seek relief for the [appellant] on that ground." A.B.A. STANDARDS FOR CRIMINAL JUSTICE § 4–8.6(a) (1993). However, absent a clear indication of inaction by the defense counsel when action was compelled by the situation, future claims of inadequate representation for failure to exercise sentencing rights or post-trial rights will not be seriously entertained without the submission of an affidavit by the appellant stating how counsel's inaction contrasted with his wishes. If the claim involves the failure to submit matters for consideration, the content of the matters that would have been submitted must be detailed.

■ Even assuming *arguendo* that the trial defense counsel's omissions did constitute deficient representation, we still would find no prejudice. In fact, the appellant received the benefit of his sentence reduction under the pretrial agreement. Moreover, the appellant has offered no showing of what evidence, if any, he would have submitted either to the military judge or to the convening authority. The appellant bears the burden of establishing prejudice, and he has put forth nothing to meet that burden in this case. As our superior Court stated:

> In most ineffectiveness cases, an accused is in the best position to identify relevant information and present it to the appellate court. When factual information is central to an ineffectiveness claim, it is the responsibility of the defense to make every feasible effort to obtain that information and bring it to the attention of the appellate court.

1. *Kabuki* describes a form of popular theatrical drama in Japan characterized by highly stylized

acting, music, and dancing. THE RANDOM HOUSE COLLEGE DICTIONARY 729 (1982 rev. ed.).

624

*United States v. Moulton,* 47 M.J. 227, 230 (1997), *cert. denied* 522 U.S. 1114, 118 S.Ct. 1048, 140 L.Ed.2d 112 (1998). The assignment of error is without merit.

### Conclusion

Accordingly, we affirm the findings and sentence, as approved on review below.

Chief Judge LEO and Judge RITTER concur.