# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

## No. 201600253

————————————

## UNITED STATES OF AMERICA
Appellee

v.

## MICHAEL K. STANTON
Lance Corporal (E-3), U.S. Marine Corps
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Elizabeth A. Harvey, USMC.
For Appellant: Captain Bree A. Ermentrout, JAGC, USN.
For Appellee: Major Kelli A. Oneil, USMC; Lieutenant Commander
Jeremy R. Brooks, JAGC, USN.

————————————

Decided 17 November 2016

————————————

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited
as persuasive authority under NMCCA Rule of Practice and
Procedure 18.2.**

————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant,
consistent with his pleas, of one specification of absenting himself without
authority from his unit, and two specifications of wrongful use of drugs in
violation of Articles 86 and 112a, Uniform Code of Military Justice (UCMJ),
10 U.S.C. §§ 886 and 912a.[1] The military judge sentenced the appellant to 64

---

[1] The sole specification of Charge II alleged the appellant wrongfully used cocaine
on or about 28 December 2015. Separate specifications under the Additional Charge
alleged he wrongfully used cocaine and wrongfully used 3,4-methylenedoxy-
methamphetamine, a schedule I controlled substance, on or about 31 January 2016.

days' confinement and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged.[2]

In his sole assignment of error, the appellant contends that he received ineffective assistance of counsel when his detailed defense counsel requested relief outside the authority of the CA to grant. We disagree, find no error materially prejudicial to the appellant's substantial rights, and affirm the findings and sentence.

## I. BACKGROUND

On 28 December 2015, the appellant submitted a urine sample that tested positive for cocaine. On 30 January 2016, in the Gaslamp district of San Diego, he was arrested by civilian authorities on suspicion of being under the influence of a controlled substance. En route to the police station, the appellant lost consciousness and was taken to Balboa Naval Hospital. Consequently, he missed a 0830 muster on 31 January 2016. Upon returning to his unit, the appellant provided another urine sample that tested positive for both cocaine and 3, 4-methylenedioxy-methamphetamine.

Trial defense counsel submitted a post-trial clemency request pursuant to RULES FOR COURTS-MARTIAL 1105 and 1106, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), asking that the CA disapprove the bad-conduct discharge.

## II. DISCUSSION

The National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, 127 Stat. 672 (2013), amended Article 60(c)(4), UCMJ, reducing the CA's ability to effect sentences in cases involving most offenses committed on or after 24 June 2014. As a result, the CA could not grant the request to disapprove the bad-conduct discharge. *United States v. Kruse*, __ M.J. __, No. 201600101, 2016 CCA LEXIS 650, at *8-10 (N-M. Ct. Crim. App. 3 Nov 2016) (holding such an action by the CA to be *ultra vires*).

The Sixth Amendment right to effective assistance of counsel at courts-martial is a fundamental right of service members. *United States v. Knight*, 53 M.J. 340, 342 (C.A.A.F. 2000) (citing *United States v. Palenius*, 2 M.J. 86 (C.M.A. 1977)). That right extends to post-trial proceedings. *United States v. Cornett*, 47 M.J. 128, 133 (C.A.A.F. 1997). Ineffective assistance of counsel involves a mixed question of law and fact. *United States v. Anderson*, 55 M.J.

___

As an unreasonable multiplication of charges, the military judge merged for findings the two specifications of the Additional Charge into a single specification.

[2] The pretrial agreement in the case required the CA to suspend any confinement in excess of 60 days; since the appellant had already served 64 days in pretrial confinement by the date of his trial, the PTA had no affect.

198, 201 (C.A.A.F. 2001). The ultimate determinations of whether defense counsel were deficient and whether the deficiency was prejudicial are reviewed *de novo.  Id.*; *United States v. McClain*, 50 M.J. 483, 487 (C.A.A.F. 1999).

We apply the two-prong test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984) to determine whether counsel rendered ineffective representation. "The burden on each prong rests with the appellant challenging his counsel's performance." *United States v. Davis*, 60 M.J. 469, 473 (C.A.A.F. 2005). The first prong requires the appellant to show that counsel's performance fell below an objective standard of reasonableness, indicating that counsel was not functioning as counsel within the meaning of the Sixth Amendment. *United States v. Terlep*, 57 M.J. 344, 349 (C.A.A.F. 2002). Our review of counsel's performance is highly deferential and is buttressed by a strong presumption that counsel provided adequate representation. *United States v. Garcia*, 59 M.J. 447, 450 (C.A.A.F. 2004).

The second prong requires a showing of prejudice resulting from counsel's deficient performance. *Strickland*, 466 U.S. at 687. With regards to post-trial claims of ineffective assistance of counsel, courts must give an appellant the benefit of the doubt and find that "there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (quoting *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997)).

In this case, we need not determine whether trial defense counsel's performance was so deficient as to render him ineffective because we conclude the appellant has not made a "colorable showing of possible prejudice."[3] *Id.* The appellant has not articulated any specific prejudice that resulted from the request for unauthorized relief and has submitted no evidence indicating how his trial defense counsel's clemency submission contrasted with his wishes.[4] Likewise, the appellant fails to adequately describe what the CA "might have done to structure an alternative form of clemency." *United States v. Capers*, 62 M.J. 268, 270 (C.A.A.F. 2005).

---

[3] *See United States v. Datavs*, 71 M.J. 420, 424-25 (C.A.A.F. 2012) (noting that courts are not required to determine whether counsel's performance was deficient before first examining whether the appellant suffered any prejudice).

[4] *See e.g., United States v. Starling*, 58 M.J. 620, 622-23 (N-M. Ct. Crim. App. 2003) (finding that bare allegations of inadequate representation are not entertained by courts without submission of an affidavit showing how counsel acted contrary to appellant's wishes); *United States v. Pierce*, 40 M.J. 149, 151 (C.M.A. 1994) (finding that vague or general intimations with regards to what the appellant would have submitted to the CA is insufficient to show prejudice).

This is particularly significant given the approved sentence in this case. The adjudged sentence included only the bad-conduct discharge and "time served."[5] With no post-trial confinement, the appellant endured no automatic forfeiture of pay pursuant to Article 58b, UCMJ. In fact, the only punishment the CA could have acted upon was the appellant's automatic reduction in grade imposed pursuant to Article 58a, UCMJ.[6] But the appellant has provided no evidence to suggest that he desired any relief from the automatic reduction in grade or, alternatively, that he was improperly advised regarding any potential clemency. Absent such evidence, and given the appellant's sentence, we conclude there is no colorable showing of possible prejudice.

### III. CONCLUSION

The findings and the sentence as approved by the CA are affirmed.

For the Court



R.H. TROIDL
Clerk of Court

---

[5] The appellant was awarded 64 days confinement, but he was credited with 64 days of pretrial confinement from 31 January 2016 to 4 April 2016.

[6] We note that the appellant specifically cites trial defense counsel's failure to request that the CA take action on modifying the confinement time as evidence of prejudice. Appellant's Brief of 6 Sep 2016 at 5. While we are mindful that the CA had the authority to disapprove the appellant's adjudged confinement even though it had already been served, we find no possible prejudice to the appellant given the illusory nature of such clemency.

4