# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

### No. 201600049

———————————

### UNITED STATES OF AMERICA
Appellee

v.

### JAVIER CALIXTO
Lance Corporal (E-3), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Eugene H. Robinson, Jr., USMC.
For Appellant: Major Emmet S. Collazo, USMCR.
For Appellee: Lieutenant James M. Belforti, JAGC, USN;
Lieutenant Robert J. Miller, JAGC, USN

———————————

Decided 8 December 2016

———————————

Before CAMPBELL, RUGH, and LOCHNER, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

LOCHNER, Judge:

A military judge, sitting as a general court-martial, convicted the appellant, consistent with his pleas, of one specification of attempted receipt of child pornography, two specifications of attempted sexual abuse of a child, indecent exposure, and making a false official statement in violation of Articles 80, 120c, and 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 920c, and 907 (2012). The military judge sentenced the appellant to 12 months' confinement, reduction to paygrade E-1, forfeiture of all pay and allowances, and a bad-conduct discharge. The convening

authority (CA) approved the sentence as adjudged. The pretrial agreement (PTA) had no effect on the adjudged sentence.

The case was originally submitted to this court on its merits. We specified three issues for briefing, two related to the appellant's convictions involving his efforts to send a presumed 14-year-old girl a picture of his exposed penis through social media, and the third related to trial defense counsel's clemency submission to the convening authority: 1) whether the appellant's plea to indecent exposure was provident in light of *United States v. Johnston*, 75 M.J. 563 (N-M. Ct. Crim. App. 2016); 2) whether the appellant's conviction for Charge II and its sole specification,[1] as well as Charge I, Specification 3,[2] was an unreasonable multiplication of charges; and 3) whether the appellant received effective assistance of counsel when his trial defense counsel submitted a clemency request seeking relief the CA did not have the authority to grant.

We find the appellant's plea to indecent exposure improvident and take corrective action in our decretal paragraph. We find that the remaining findings and the reassessed sentence are correct in law and fact, and no error materially prejudicial to the appellant's substantial rights remains.

## I. BACKGROUND

In late March 2015, while stationed in Japan, the appellant began communicating via social media with "Liz," who portrayed herself as a 14-year-old girl, but was actually an undercover agent for the Naval Criminal Investigative Service (NCIS). Between March and early June 2015, the appellant engaged in salacious, electronic conversations with "Liz," during which he solicited child pornography, sent a picture of his exposed penis, and discussed a sexual liaison with her. On 11 June 2015, the appellant was apprehended by NCIS and admitted to the communications with "Liz," including his transmission of the picture of his exposed penis to her.

In exchange for his guilty pleas, the appellant's PTA provided, in part, that while any punitive discharge, confinement, and rank reduction "[m]ay be approved as adjudged . . . all confinement in excess of 12 months will be suspended for a period of 12 months from the date of the convening authority's action[.]"[3] The sole clemency request in a post-trial filing was for

---

[1] Indecent exposure in violation of Article 120c(c), UCMJ, in that the appellant intentionally exposed his genitalia in an indecent manner.

[2] Attempted sexual abuse of a minor in violation of Article 80, UCMJ, in that the appellant committed a lewd act by intentionally exposing his genitalia with the intent to arouse and gratify his sexual desire to an individual he believed to be under 16 years of age.

[3] Appellate Exhibit XXIII.

the CA to "disapprove [appellant's] convictions [for violations] of Article 80[.]"[4]

## II. DISCUSSION

### A. Indecent exposure

The sole specification of Charge II alleged that the appellant "intentionally expose[d], in an indecent manner, his genitalia."[5] During the providence inquiry, the appellant explained that, while in his barracks room at Camp Foster, Japan, he sent a picture of his exposed penis to "Liz," whom he believed to be under the age of 16.[6]

We recently held that it was an abuse of discretion for a military judge to accept a guilty plea to indecent exposure based on this same factual scenario in *United States v. Uriostegui*, 75 M.J. 857, 2016 CCA LEXIS 574, at *23 (N-M. Ct. Crim. App. 2016). In accordance with that holding, we find the appellant's conviction here was based upon factually and legally insufficient evidence, set it aside (rendering the second specified issue moot), and consider the need for sentence reassessment.

### B. Sentence reassessment

When considering whether we are able to reassess the appellant's sentence, we consider the following non-exclusive list of factors:

> 1. Whether there has been a dramatic change in the penalty landscape;
>
> 2. Whether the appellant was sentenced by members or military judge alone;
>
> 3. Whether the remaining offenses capture the gravamen of criminal conduct and, relatedly, whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses; and
>
> 4. Whether the remaining offenses are of the type with which we have sufficient experience and familiarity to reliably determine what sentence would have been imposed at trial.

*United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). A reassessed sentence must not only "be purged of prejudicial error [but] also must be 'appropriate' for the offense involved." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). Applying these principles, we find that we can

---

[4] Request for Clemency of 30 Dec 2015 at 1, ¶ 1.

[5] Charge Sheet.

[6] Prosecution Exhibit 1 at 6; Record at 74-76.

reassess the sentence. First, our findings reduce the maximum authorized confinement from 46 years to 45 years. The appellant was adjudged one year of confinement. This does not represent a dramatic change in the sentencing landscape. The appellant was sentenced by a military judge alone, and the remaining related offense, the attempted sexual abuse of a child, fully captures the gravamen of the appellant's criminal conduct. Finally, we are able to reliably determine with confidence that even without the dismissed charge and specification, the appellant would have received the same sentence as previously imposed by the military judge.

## C. Ineffective assistance of counsel

The appellant asserts that his trial defense counsel's post-trial clemency submission requesting that the CA disapprove his convictions for the Article 80, UCMJ, offenses was ineffective because it requested unauthorized clemency relief.[7] We note that the requested action would run afoul of the CA's clemency limitations under the modified Article 60, UCMJ, and RULE FOR COURTS-MARTIAL 1107, MANUAL FOR COURTS MARTIAL, UNITED STATES (2012),[8] since the appellant's crimes occurred after 24 June 2014.[9]

The appellant bears the burden of demonstrating that his counsel's performance was deficient to the point that he "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and that the deficient performance prejudiced the defense. *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (citations and internal quotation marks omitted). We are mindful that the threshold for demonstrating prejudice is low due to the highly discretionary nature of the CA's clemency power. *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999). This is so because submission of matters to the CA is an appellant's "best chance for post-trial clemency[.]" *United States v. Wheelus*, 49 M.J. 283, 287 (C.A.A.F. 1998). We will give an appellant the

---

[7] Clemency Request of 30 Dec 2015 at 1, ¶ 1; 2, ¶ 5. We also note that neither the initial Staff Judge Advocate's Recommendation nor its Addendum, submitted after receipt of appellant's clemency request, noted the limitations of clemency under Article 60, UCMJ.

[8] Exec. Order. No. 13,696, 80 Fed. Reg. 35,811-13 (22 Jun 2015).

[9] The National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, 127 Stat. 672 (2013), amended Article 60, UCMJ, eliminates the CA's ability, for all but the most minor offenses committed after 24 June 2014, to "dismiss any charge or specification . . . by setting aside a finding of guilty" to an offense, 10 U.S.C. § 860(c)(3)(B)(i) (2016), ; or, to "disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a . . . bad conduct discharge" outside of negotiated limitations of a PTA, or a trial counsel's recommendation for clemency based upon an accused's assistance to the Government in other cases. *Id.* § 860(c)(4).

benefit of the doubt and find that there is material prejudice to his substantial rights if there is an error and he makes "'some colorable showing of possible prejudice.'" *Lee*, 52 M.J. at 53 (quoting *Wheelus*, 49 M.J. at 289). An appellant is required to specify what matters he would have submitted in clemency or what action in clemency he would have requested. *United States v. Hood*, 47 M.J. 95, 98 (C.A.A.F. 1997); *United States v. Starling*, 58 M.J. 620, 622-23 (N-M. Ct. Crim. App. 2003) (holding that "bare allegations" of "inadequate representation" in the post-trial process are not "seriously entertained" without an affidavit showing how counsel acted contrary to the appellant's wishes).[10]

Notably, the only form of clemency suggested was relief from financial burdens, which would allow the appellant to support his family.[11] The only potentially meaningful clemency in this case was deferment of the adjudged and automatic total forfeitures and reduction in rank until the CA's action; however, the appellant had no military dependents to support. Accordingly, we find that the appellant has not met his low burden of a colorable showing of possible prejudice. *United States v. Mitcham*, No. 201600173, 2016 CCA LEXIS 675, at *5-7, unpublished op. (N-M. Ct. Crim. App. 29 Nov 2016) (finding no colorable showing of possible prejudice where "the appellant has provided no evidence to suggest that he desired any relief from either the reduction in rank or the automatic forfeitures, or, alternatively, that he was improperly advised regarding any potential clemency").

## III. CONCLUSION

The findings of guilty to Charge II and its sole specification are set aside. The remaining findings and the sentence are affirmed.

Senior Judge CAMPBELL and Judge RUGH concur.

For the Court



R.H. TROIDL
Clerk of Court

---

[10] Appellate defense counsel did not file an affidavit from either the appellant or his trial defense counsel to explain what clemency would have been sought or to explain the reasoning behind the legally incorrect clemency submission.

[11] Appellant's Brief of 24 May 2016 at 16.