# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

## No. 201600303

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## QUENTERIAS D. GOLDEN-FRANKLIN
Fire Controlman Third Class (E-4), U.S. Navy
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Charles N. Purnell, JAGC, USN.
Convening Authority: Commander, Navy Region Mid-Atlantic, Norfolk, VA.
Staff Judge Advocate's Recommendation: Lieutenant Commander Dayton A. Krigbaum, JAGC, USN; Addendum: CAPT A.R. House, JAGC, USN.
For Appellant: Captain Bree A. Ermentrout, JAGC, USN.
For Appellee: Major Kelli O'Neil, USMC; Lieutenant James M. Belforti, JAGC, USN.

———————————

Decided 6 April 2017

———————————

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his plea, of sexual assault in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920. The military judge sentenced the appellant to 42 months' confinement, reduction to pay

grade E-1, and a dishonorable discharge. The convening authority (CA) approved the sentence as adjudged and, pursuant to a pretrial agreement, suspended all confinement in excess of 18 months.

Upon review, we specified whether the appellant received the effective assistance of counsel in his post-trial representation when trial defense counsel requested relief that the CA had no authority to grant.[1] After considering the pleadings and the record of trial, we find no error materially prejudicial to the appellant's substantial rights, and affirm the findings and sentence.

## I. BACKGROUND

On 2 July 2015, the appellant, assigned to USS MONTEREY (CG 61), stationed in Norfolk, Virginia, met up with Fire Controlman Third Class (FC3) M for an evening together with mutual friends. Afterwards, the appellant and FC3 M shared a hotel room and fell asleep in the same bed. While FC3 M slept, the appellant digitally penetrated her and then penetrated her vagina with his penis without a condom. He continued doing this until FC3 M awoke. Upset, FC3 M fled to the bathroom where she called a friend to pick her up.

Following the appellant's guilty plea, the CA's staff judge advocate (SJA) advised that "action on the guilty findings or sentence is a matter within [the CA's] discretion," but recommended that the CA "approve the sentence as adjudged and order it executed in accordance with the terms of the Pre-Trial Agreement."[2] In response, trial defense counsel submitted clemency matters pursuant to RULE FOR COURTS-MARTIAL 1105, MANUAL FOR COURTS MARTIAL, UNITED STATES (2012 ed.), requesting that the CA "disapprove all confinement over 12 months."[3] As authority for this request, trial defense counsel cited to Article 60, UCMJ, asserting that this article gave the CA

---

[1] Once again, we are required to review a gross misstatement on the applicability of Article 60, UCMJ, put forward by a trial defense counsel in clemency and, in some cases, left uncorrected by the staff judge advocate. *See United States v. Atkins*, No. 201600297, 2017 CCA LEXIS 192, unpublished op. (N-M. Ct. Crim. App. 28 Mar 2017); *United States v. Johnson*, No. 201600254, 2017 CCA LEXIS 46, unpublished op. (N-M. Ct. Crim. App. 31 Jan 2017) (per curiam); *United States v. Garcia*, No. 201600116, 2016 CCA LEXIS 714, unpublished op. (N-M. Ct. Crim. App. 15 Dec 2016); *United States v. Calixto*, No. 201600049, 2016 CCA LEXIS 706, unpublished op. (N-M. Ct. Crim. App. 8 Dec 2016); *United States v. Stanton*, No. 201600253, 2016 CCA LEXIS 667, unpublished op. (N-M. Ct. Crim. App. 17 Nov 2016) (per curiam).

[2] Staff Judge Advocate's Recommendation (SJAR) of 12 Jul 2016 at 1, 3.

[3] Trial Defense Counsel ltr of 4 Aug 2016 at 1.

power to "disapprove, commute or suspend an adjudged sentence of confinement for up to six months."[4]

Following the appellant's clemency petition, the SJA submitted an addendum, which offered no further comment on the CA's clemency powers (or lack thereof).[5] The CA denied the clemency request and approved the sentence as adjudged after considering "the record of trial; the pre-trial agreement . . . the results of trial . . . the detailed defense counsel letter of 4 August 2016 . . . the Staff Judge Advocate's Recommendation . . . and the Addendum [recommendation]."[6]

## II. DISCUSSION

"By virtue of Article 27, UCMJ, 10 U.S.C. § 827, as well as the Sixth Amendment of the Constitution, a military accused is guaranteed the effective assistance of counsel." *United States v. Scott,* 24 M.J. 186, 187-88 (C.M.A. 1987) (citations omitted). That right extends to post-trial proceedings. *United States v. Cornett,* 47 M.J. 128, 133 (C.A.A.F. 1997). In reviewing claims of ineffective assistance of counsel, we "look at the questions of deficient performance and prejudice *de novo.*" *United States v. Datavs,* 71 M.J. 420, 424 (C.A.A.F. 2012) (citation and internal quotation marks omitted). However, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Tippit,* 65 M.J. 69, 76 (C.A.A.F. 2007) (citing *Strickland v. Washington,* 466 U.S. 668, 689 (1984)). Thus, the appellant bears the burden of demonstrating (1) that his counsel's performance was deficient to the point that he "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and (2) that the deficient performance prejudiced the defense. *Id.* (citations and internal quotation marks omitted).

In evaluating claims of post-trial ineffective assistance of counsel, courts must give an appellant the benefit of the doubt and find that "there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" *United States v. Wheelus,* 49 M.J. 283, 289 (C.A.A.F. 1998) (quoting *United States v. Chatman,* 46 M.J. 321, 323-24 (C.A.A.F. 1997)).

Pursuant to now, nearly three-year-old changes to Article 60, UCMJ, a CA may not "disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge" unless certain

---

[4] *Id.*

[5] SJAR Addendum of 17 Aug 2016 at 3.

[6] Convening Authority Action of 24 Aug 2016 at 3.

exceptions apply.[7] As a result of these changes, the CA could not grant trial defense counsel's requested relief. *See United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016) (holding such an action by the CA to be *ultra vires*).

However, regardless of whether the trial defense counsel's understanding of Article 60, UCMJ, was patently deficient, we conclude that the appellant has not made a colorable showing of possible prejudice. The appellant has not articulated any specific prejudice that resulted from the request for unauthorized relief, and has submitted no evidence indicating how his trial defense counsel's clemency submission contrasted with his wishes.[8] Of note, trial defense counsel stated in her sentencing argument that the appellant "should not be a Petty Officer. You should reduce him to an E-3."[9] Likewise, the appellant fails to adequately describe what the CA "might have done to structure an alternative form of clemency." *United States v. Capers*, 62 M.J. 268, 270 (C.A.A.F. 2005). While the CA had limited discretion to act upon the appellant's reduction in rank, the appellant submitted no evidence that he desired any such relief, or alternatively, that he was improperly advised regarding any potential clemency.

## III. CONCLUSION

The findings and sentence as approved by the CA are affirmed.

For the Court



R.H. TROIDL
Clerk of Court

---

[7] National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, 127 Stat. 672, 956-57 (2013). Those exceptions do not apply to this case.

[8] *See United States v. Starling*, 58 M.J. 620, 622-23 (N-M. Ct. Crim. App. 2003) (finding that "bare allegations" of "inadequate representation" are not "seriously entertained" by courts without submission of an affidavit showing how counsel acted contrary to appellant's wishes); *United States v. Pierce*, 40 M.J. 149, 151 (C.M.A. 1994) (finding that vague or general intimations with regards to what the appellant would have submitted to the convening authority is insufficient to show prejudice).

[9] Record at 82.