# United States Navy-Marine Corps Court of Criminal Appeals

_____

**UNITED STATES**
*Appellee*

v.

**Benjamin W. SKAGGS**
**Lance Corporal (E-3), U.S. Marine Corps**
*Appellant*

_____

**No. 201800203**

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary.

*Decided:* 22 January 2019.

_____

*Military Judge:* Lieutenant Colonel Jeffrey V. Munoz, USMC.

*Approved Sentence:* Reduction to E-1, confinement for 12 months, and a bad-conduct discharge.[1] Sentence adjudged 22 March 2018 by a special court-martial convened at Marine Corps Air Station Yuma, Arizona, consisting of a military judge sitting alone.

*For Appellant:* Captain Bree A. Ermentrout, JAGC, USN.

*For Appellee:* Lieutenant Timothy C. Ceder, JAGC, USN; Lieutenant Kimberly Rios, JAGC, USN.

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 30.2(b).**

---

[1] The convening authority approved the sentence as adjudged in accordance with a pretrial agreement. In exchange for his plea of guilty, the appellant's case was referred to a special court-martial.

_____

Before FULTON, CRISFIELD, and HITESMAN,
*Appellate Military Judges.*

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his plea, of two specifications of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928.

The appellant raises two assignments of error:

I.  The appellant did not receive effective assistance of counsel in his post-trial representation when detailed defense counsel requested relief the convening authority was not authorized to grant.

II. The court-martial lacked jurisdiction where the convening authority referred the charges to a court-martial convened by his subordinate.

We find no error and affirm the findings and sentence.

## I. BACKGROUND

While intoxicated, the appellant punched his wife, stomped on her chest, and choked her with his hand. Following the appellant's guilty plea, the convening authority's (CA) staff judge advocate (SJA) advised that the CA could not disapprove, commute, or suspend the sentence of confinement or the bad-conduct discharge but that he could act to defer those punishments, and could modify any other part of the adjudged sentence. The Victim's Legal Counsel submitted a request to the CA pursuant to RULE FOR COURTS-MARTIAL (R.C.M.) 1105A, MANUAL FOR COURTS MARTIAL, UNITED STATES (2016 ed.), on behalf of the victim asking the CA to reduce the appellant's sentence to six months' confinement. The SJA submitted an addendum to the initial recommendation again recommending that the CA approve the sentence as adjudged. Based on the victim's letter, the appellant then submitted clemency matters pursuant to R.C.M. 1105, requesting only that the CA reduce his sentence of confinement to six months. In his second addendum to his recommendation, the SJA stated that the appellant's clemency request did not contain "applicable relief" and again recommended that the CA approve the sentence as adjudged. After considering the staff judge advocate's recommendations and addendums, matters submitted by the victim, and all matters submitted by the appellant, the CA approved the sentence as adjudged.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

The appellant asserts that he received ineffective assistance of counsel because his trial defense counsel erroneously requested relief that the CA was not permitted to grant.

"By virtue of Article 27, UCMJ, 10 U.S.C. § 827, as well as the Sixth Amendment of the Constitution, a military accused is guaranteed the effective assistance of counsel." *United States v. Scott*, 24 M.J. 186, 187-88 (C.M.A. 1987) (citations omitted). That right extends to post-trial proceedings. *United States v. Cornett*, 47 M.J. 128, 133 (C.A.A.F. 1997). In reviewing claims of ineffective assistance of counsel, we "look[] at the questions of deficient performance and prejudice *de novo.*" *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (citation and internal quotation marks omitted). However, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Thus, the appellant bears the burden of demonstrating (1) that his counsel's performance was deficient to the point that he "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and (2) that the deficient performance prejudiced the defense. *Id.* (citations and internal quotation marks omitted).

In evaluating claims of post-trial ineffective assistance of counsel, courts must give an appellant the benefit of the doubt and find that "there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (quoting *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997)).

It is well established that under Article 60(c)(4), UCMJ, a CA may not "disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge" unless the trial counsel recommends so in recognition of the appellant's "substantial assistance" or pursuant to the terms of the pretrial agreement. Neither exception applies in this case and the CA could not legally grant the trial defense counsel's requested relief. *See United States v. Kruse*, 75 M.J. 971, 975 (N-M. Ct. Crim. App. 2016) (holding such an action by the CA to be *ultra vires*).

Despite the trial defense counsel's clear misunderstanding of Article 60, UCMJ, we conclude that the appellant has not made a colorable showing of possible prejudice. The appellant has not articulated any specific prejudice that resulted from the request for unauthorized relief, and has submitted no

evidence indicating how his trial defense counsel's clemency submission contrasted with his wishes.[2] While the CA had some limited discretion to act upon the appellant's reduction in rank and to defer automatic forfeitures, the appellant submitted no evidence that he desired any such relief, or alternatively, that he was improperly advised regarding any such potential clemency. Accordingly, we find the appellant has failed to meet his burden to show that his trial defense counsel was ineffective.

## B. Jurisdiction

Appellant's second assignment of error asserts that the court-martial lacked jurisdiction because the CA referred the charges to a court-martial convened by a subordinate commander. Appellant presumes this because an erroneous convening order was included in the record of trial. This court granted the government's motion to attach the correct convening order to the record thus correcting the administrative error and mooting this assignment of error. This court recognizes that administrative error alone does not rise to the level of a jurisdictional defect. *See United States v. Gebhart*, 34 M.J. 189, 192-193 (C.M.A. 1992). The appellant negotiated and entered into a pretrial agreement with the CA and the trial counsel announced the appropriate jurisdictional information on the record. We are confident that the Commanding General, Third Marine Aircraft Wing, had in fact convened the special court-martial to which the appellant's offenses were referred and at which they were adjudicated.

---

[2] *See United States v. Starling*, 58 M.J. 620, 622-23 (N-M. Ct. Crim. App. 2003) (finding that "bare allegations" without submitting affidavits showing how counsel acted contrary to appellant's wishes do not establish "deficient representation."); *United States v. Pierce*, 40 M.J. 149, 151 (C.M.A. 1994) (finding that "vague or general intimations" with regards to what the appellant would have submitted to the convening authority are insufficient to show prejudice).

## III. CONCLUSION

Having carefully considered the appellant's assigned errors, the record of trial, and the parties' submissions, we conclude the findings and sentence are correct in law and fact and that no error materially prejudiced the appellant's substantial rights. Arts. 59(a) and 66(c), UCMJ. Accordingly, the findings and sentence as approved by the CA are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court